In the Matter of Shiblee J. Kasses et al., Doing Business as S. J. Kasses Co., Respondents. Martin P. Catherwood, as Industrial Commissioner, Appellant.

Third Department, November 13, 1959.

*Louis J. Lefkowitz, Attorney-General (Samuel Stern, Paxton Blair, Milton Kaplan* and *Harold F. Lee* of counsel), for appellant.

*Shiblee J.* and *Zakeya Kasses*, doing business as S. J. Kasses Co., respondents in person.

154

BERGAN, J. On June 21, 1956 notice was sent to the copartnership employer by the appellant Industrial Commissioner of a revised determination of liability for unemployment insurance contributions dating back to the fourth quarter of 1952. The official notice stated that if a " hearing is desired " against the determination " request " must be made within 20 days.

The statute (Labor Law, § 620, subd. 2) provides that an aggrieved employer " may apply to the commissioner for a hearing within twenty days " of a determination.

Neither the statute, the notice to this employer, nor the rules of the Appeal Board as they then read, required that the " request " or " application " be formal or in writing. The board's rule 3 then stated merely that the application " should " be in writing; the present rule states it " shall be " in writing.

In the employer's brief on appeal, presented by one of its partners, and not by a lawyer, the flat statement is made that when this partner received the June 21 notice he " immediately went to the Unemployment Insurance " office, explained that the employer was not subject to contributions, and " upon my complaint " the bureau sent an examiner who prepared and typed a letter, including the partner's signature, to the bureau certifying facts of nonliability. If this statement is factually true, the Referee or board could find that a timely " request " or " application " had been made by the employer to review the determination of June 21.

In such a situation the Commissioner is an adverse party in litigation to the employer. If the employer within 20 days goes to the Commissioner's office to complain of a determination in response to a notice which says a " request " for hearing is to be made within that time, and instead of being told that a hearing will be held, or that it will not be held without a formal written application, is told that a representative of the commission will be sent to see him, and the representative comes and prepares a statement denying liability on the merits, a sufficient " request " or " application " for hearing has been made to confer jurisdiction on the Referee and the Appeal Board. To a layman the sending of a representative in response to a " request " for a hearing may be the equivalent of accepting jurisdiction of a complaint or objection.

There is far more official acquiescence and responsive action here than that which occurred in Matter of Ferraioli (Lubin) (7 A D 2d 819).

In dealing with an adverse party in litigation a Commissioner ought to state to such a party protesting to him that the rule or statute on procedure must be followed; he cannot in fairness

seem to hold out official relief and later insist that the statutory time has run out.

There is, however, a dispute about what the employer actually did in reference to protesting the determination. The Attorney-General argues that the factual statement made in the employer's brief is not correct.

The record is equivocal in this respect; there are inferences in the testimony which support the employer's brief; but they are not clearly established. For this reason, the controversy should be remanded to the board for a full development of the record.

We agree with the Commissioner that if no request or application whatever, formal or informal, to review the determination of June 21, 1956 was made within 20 days the Appeal Board's power would be no greater than the Referee's to excuse a failure to meet a statutory requirement.

The determination should be reversed and the proceeding remitted to the Unemployment Insurance Appeal Board for further proceedings, without costs.

FOSTER, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Determination reversed and the proceeding remitted to the Unemployment Insurance Appeal Board for further proceedings, without costs.