In the Matter of the Claim of JESSIE MEEKS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, November 14, 1974.

*Kalman Finkel* (*Guy Germano* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Iris Steel, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, P. J.   This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed March 7, 1973, which denied claimant's application to reopen.

The claimant was denied benefits by the respondent upon the ground that she left her employment without good cause and that denial was upheld following a hearing by a Referee on August 6, 1971.   The Referee's decision was appealed to the board by claimant and the board affirmed on October 8, 1971 without any further evidentiary proceedings before it.   The claimant duly filed a notice of appeal to this court from the board's decision; however, that appeal has not been further pursued.

On October 12, 1971 the claimant in addition to filing her notice of appeal to this court also applied by her counsel, the Legal Aid Society (City of New York), for a reconsideration of the board's decision of affirmance and requested a further evidentiary hearing.   On November 17, 1971 the board notified the claimant's counsel by letter that he would subsequently be notified if the board decided to hold a further hearing.   The record contains a notice of hearing dated December 7, 1971 which was apparently received by claimant, but her counsel states that he never received the notice and he was not told by claimant that she had received it prior to the scheduled hearing.

The hearing was held on December 15, 1971 and the claimant and her counsel did not appear.   The member of the board presiding at the hearing stated for the record that a notice of the hearing had been previously mailed to the claimant's counsel; however, upon this appeal there is no evidence in the record of such a fact.   In any event, no new evidence was submitted at the hearing on December 15, 1971 by anyone.

On December 28, 1971 the board issued a decision or order reciting the failure of claimant and her counsel to appear at the December 15, 1971 hearing and thereupon denied the application for a reopening and reconsideration.   Regardless of the terminology used by the board as to denying a reopening, it is certain from the notice of hearing dated December 7, 1971 that the proceeding had already been reopened as the December 15, 1971 hearing was a " continued " hearing for the purpose of receiving additional testimony and evidence as to the merits of the claimant's claim.   The decision of December 28, 1971 is a

reaffirmance of the board's prior decision by denial of a reconsideration.

On January 28, 1972 claimant's counsel advised the board by letter that he had just learned of the default in appearance on December 15, 1971 and the decision of the board entered upon such default on December 28, 1971. Claimant's counsel specified that the notice of the December 15, 1971 hearing and the subsequent decision had never been received and, accordingly, a further reopening and reconsideration was requested. On February 9, 1972 the board sent a letter to claimant's counsel advising that reopening and reconsideration had been denied and also that the file had been forwarded to an Assistant Attorney-General in regard to the original appeal to this court. On March 5, 1973 claimant's counsel again pointed out to the board that he had not received the notice of the December 15, 1971 hearing and requested a reopening of the case.

On March 7, 1973 the board refused a reopening *because one had already been granted previously* and this refusal is the subject of this appeal. The claimant contends that there was a failure of due process if the notice of hearing upon reopening for December 15, 1971 was not given to counsel.

That a failure of the board to give notice of a hearing to claimant's counsel would result in a violation of due process in the conduct of hearings is established by the board's own rule requiring the mailing of notice to counsel. (See 12 NYCRR 463.4.) The record contains no evidence that the notice of hearing in regard to December 15, 1971 was ever mailed to claimant's counsel and any doubt as to such mailing should have been resolved by a further hearing. (See *Workmen's Compensation Bd. of State of N. Y.* v. *Eriksen,* 43 A D 2d 597, 598.) The present record is inadequate to determine the due process issue.

It is to be noted that the respondent contends that in any event the claimant does not have a meritorious claim; however, such issue is not presently here for review.

The decision should be reversed, with costs, and the matter remitted with direction to either reopen and reconsider the claimant's claim or to hold a hearing in regard to the service of the notice of the hearing of December 15, 1971 and upon such hearing to enter an appropriate decision denying or granting a further reopening of the claim.

STALEY, JR., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Decision reversed, with costs, and matter remitted with direction to either reopen and reconsider the claimant's claim or to

hold a hearing in regard to the service of the notice of the hearing of December 15, 1971 and, upon such hearing, to enter an appropriate decision denying or granting a further reopening of the claim.