■ In the Matter of the Claim of ROBERT A. ROSINSKI, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 20, 1981, which dismissed claimant's appeal from the decision of an Administrative Law Judge as untimely. The decision of the Administrative Law Judge in this case was mailed to claimant on February 10, 1981. In claimant's brief on this appeal it is alleged that claimant's attorney forwarded correspondence to the Unemployment Insurance Appeal Board on February 25, 1981 which read as follows: "Please be advised this office represents Mr. Robert A. Rosinski concerning the captioned appeal. I respectfully request that I be afforded the opportunity to

make a copy of the minutes of the Administrative Law Judge, to and in preparation of the appeal. Thank you for courtesies extended." This correspondence is not included in the record nor is there any proof of mailing included in the record. It is also alleged in claimant's brief that a representative of the board contacted claimant's attorney by telephone on March 10, 1981 and requested that the reasons for claimant's appeal be forwarded to the board. A letter to the board from claimant's attorney, dated March 10, 1981, is included in the record. In this letter, reference is made to the correspondence of February 25, 1981 and the telephone call of March 10, 1981, and the reasons for claimant's appeal are set forth. The board found that claimant's notice of appeal was filed on March 11, 1981 and, therefore, the appeal was dismissed as untimely. The appeal to this court then ensued. Subdivision 1 of section 621 of the Labor Law provides that an appeal to the appeal board may be taken by filing a notice of appeal in the local State employment office within 20 days after the mailing or personal delivery of notice of the decision of a referee on a contested benefit claim. The section, however, does not specify any specific formalities to be included in the notice of appeal nor do the regulations promulgated thereunder. The decision of the board does not indicate whether the alleged letter of February 25, 1981 was received and considered insufficient to satisfy the prerequisites of the statute or was simply not received. Nor is there any proof in the record that the letter was in fact sent. Consequently, we conclude that the controversy should be remitted to the board for a full development of the record (see *Matter of Kasses* [*Catherwood*], 9 AD2d 153). Decision withheld and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Mikoll, Yesawich, Jr., and Weiss, JJ., concur; Herlihy, J., dissents and votes to affirm.