■ In the Matter of the Claim of JOHN MICHICICH, Appellant, v COLONIAL MAID CURTAINS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. P. Appeal from a decision of the Workers' Compensation Board, filed July 24, 1986.

Claimant contends he sustained an injury to his foot on April 20, 1979 in the course of his employment which, due to an underlying diabetic condition, resulted in the partial amputation of that foot. A claim for compensation was filed with the Workers' Compensation Board on September 16, 1981 more than two years after the alleged injury, but dated April 13, 1981. It is claimant's contention that the original claim was mailed on April 16, 1981 but not received by the Board's

Case Assembly Unit. In support of this position, claimant has submitted a receipt for certified mailing of a communication to the Board on April 16, 1981. The Board determined that since there was no proof of *filing* the requisite claim with the Board within the statutory two-year period, the claim was barred by the provisions of Workers' Compensation Law § 28. Claimant now appeals.

Although it is clear that mere mailing may not be deemed the equivalent of filing *(see, Matter of Stern v Electrol, Inc.,* 18 AD2d 1117), it is equally clear that evidence of an office practice and procedure for mailing creates a presumption of delivery which results in a factual issue as to the timely receipt of the claim by the Board *(Matter of Allen v Bausch & Lomb,* 130 AD2d 802).

Accordingly, the matter must be remitted for further development of the record on the issue of claimant's timely proof of mailing and the receipt and filing by the Board.

Decision reversed, with costs against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.