■ In the Matter of ARTHUR K. HODGES et al., Appellants. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 1988.

Arthur K. Hodges and other custodial engineers (hereinafter the engineers) employed by the Buffalo City School District (hereinafter the District) timely applied to the Commissioner of Labor for a hearing pursuant to Labor Law § 620 (2) to contest a determination that the District was the employer of individuals hired to perform services for the engineers. The District also requested a hearing, but after the 20-day time period specified in Labor Law § 620 (2) had expired. Following a hearing, an Administrative Law Judge (hereinafter ALJ) reversed the Commissioner's determination, finding that the engineers' assistants were employees of the engineers and not of the District. Upon appeal, the Unemployment Insurance Appeal Board *sua sponte* determined that the District's request for a hearing was untimely and that the engineers lacked standing to contest the Commissioner's determination and, accordingly, that the ALJ lacked jurisdiction to rule upon the merits of the Commissioner's determination. The engineers and the District appeal.

Labor Law § 620 (2) provides that "[a]ny employer who *claims to be* aggrieved by * * * any * * * rule or order of the commissioner under any provision of this article may apply to the commissioner for a hearing" (emphasis supplied). In our view, the inclusion of the emphasized language leaves little question that the mere allegation of injury will entitle an employer to a hearing. It is fundamental that in the construction of a statute, meaning and effect should be given to all of the language, and words should not be rejected as superfluous when it is practicable to give each one a distinct and separate meaning (McKinney's Cons Laws of NY, Book 1, Statutes § 231; *see, Ferrin v New York State Dept. of Correctional Servs.,* 71 NY2d 42, 47; *Matter of Bliss v Bliss,* 66 NY2d 382, 389). A threshold requirement of injury in fact would render the words "claims to be" meaningless. In any event, we also disagree with the Board's legal conclusion that the engineers lack standing. The very fact that the Commissioner has altered the engineers' legal status is sufficient to confer standing. We agree with the Board, however, that the District's request for a hearing was untimely. This court has consis-

tently held that the time limitations of Labor Law § 620 must be strictly construed (see, Matter of Bick [Levine], 50 AD2d 981, 982).

Decision modified, without costs, by reversing so much thereof as found that Arthur K. Hodges and similarly situated custodial engineers lacked standing to seek review of the Commissioner of Labor's determination; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.