■ In the Matter of the Claim of TAMARA J. VAN ALPHEN, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J.

Claimant applied for unemployment insurance benefits after the termination of her employment as a telephone interviewer with the employer. Following an initial determination that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause, a hearing was conducted before an Administrative Law Judge (hereinafter ALJ). By notice of decision dated April 5, 1990, the ALJ overruled the initial determination, concluding that claimant did not voluntarily leave her employment. By letter dated April 23, 1990, enclosed in an envelope postmarked May 11, 1990, addressed to the office of the director of the Unemployment Insurance Division, the employer sought to appeal the determination of the ALJ upon unspecified grounds. By further letter dated July 5, 1990, the employer stated the grounds for the appeal. The Unemployment Insurance Appeal

Board issued a notice of receipt of appeal on July 18, 1990. Despite the fact that claimant was represented by an attorney at the hearing before the ALJ, the attorney was not furnished with notice of the Board's receipt of appeal and did not submit statements, documents or briefs on appeal or appear on claimant's behalf before the Board. Ultimately, the Board rendered a decision reversing the decision of the ALJ and sustaining the initial determination of the local office. Claimant now appeals, contending that she was deprived of due process by the Board's failure to give her attorney notice of the appeal, that the employer's appeal was untimely and that the Board's determination was not supported by substantial evidence.

We reverse. The Board's own rules require that claimant's attorney receive notice of the appeal in these circumstances. Specifically, 12 NYCRR 461.3 (b) provides that "[i]n the event that an attorney at law * * * appears at an administrative law judge hearing on behalf of a party * * * copies of all subsequent written communications or notices sent to such party * * * shall be sent, at the same time, to such attorney at law". In our view, the Board's failure to give notice of its receipt of the employer's appeal to claimant's attorney "result[ed] in a violation of due process in the conduct of [the] hearings" *(Matter of Meeks [Levine]*, 45 AD2d 659, 661; *see*, 12 NYCRR 463.1 [f]). Accordingly, the Board's determination must be annulled and the matter remitted for further proceedings, including development of the record on the issue of whether the employer's appeal to the Board was timely *(see*, Labor Law § 621 [1]; 12 NYCRR 463.1 [c]; *Matter of Rosinski [Ross]*, 85 AD2d 875, 876).

Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision.