■ In the Matter of the Claim of ROSEMARY DAVINO, Appellant. GOOD SAMARITAN HOSPITAL MEDICAL CENTER, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [620 NYS2d 528] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 16, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

By initial determination dated June 21, 1991, claimant was ruled eligible to receive unemployment insurance benefits. The employer thereafter objected and following a hearing in

April 1992, which claimant did not attend, the Administrative Law Judge (hereinafter ALJ) overruled the initial determination and found that claimant had voluntarily left her employment without good cause. Claimant's subsequent application to reopen the hearing was granted and a second hearing was conducted in June 1992, at which time claimant appeared contending, *inter alia,* that the employer's initial request for a hearing was untimely. After taking additional testimony, the ALJ again concluded that claimant was disqualified from receiving benefits, and the Unemployment Insurance Appeal Board affirmed the ALJ's decision. This appeal by claimant followed.

There must be a reversal. The employer had 30 days from the mailing or personal delivery of the initial determination (June 21, 1991) to request a hearing to contest the award of benefits *(see,* Labor Law § 620 [1] [a]) and, as such, the employer's request for a hearing, filed in April 1992, plainly is untimely *(see generally, Matter of Hodges [Hartnett],* 154 AD2d 816). Even accepting the employer's contention that it did not discover that claimant was receiving benefits until October 1991, we note that the relevant statute contains no provision for extending the 30-day deadline when it is the *employer* who requests the hearing *(see,* Labor Law § 620 [1] [a]; *compare, Matter of Moricone [New York Hosp. (Cornell Med. Ctr.)— Hudacs],* 199 AD2d 802).

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.