■ In the Matter of the Claim of DARIO FERNANDEZ, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [631 NYS2d 549] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 1994, which ruled that claimant was disqualified from receiv-

ing unemployment insurance benefits because his employment was terminated due to misconduct.

By initial determination mailed September 21, 1992, claimant was ruled eligible to receive unemployment insurance benefits following his termination from his employment as a barroom captain at a restaurant. The employer applied for, and was granted, a hearing to challenge this determination. Claimant's principal argument on appeal is that the Administrative Law Judge lacked jurisdiction to hear the matter since the employer's request for a hearing was made after the 30-day time period specified in Labor Law § 620 (2) had expired (*see, Matter of Davino [Good Samaritan Hosp. Med. Ctr.—Hudacs]*, 210 AD2d 778). Significantly, this court has heretofore held that "the time limitations of Labor Law § 620 must be strictly construed" (*Matter of Hodges [Hartnett]*, 154 AD2d 816, 817; *see, Matter of Orologio [Hudacs]*, 193 AD2d 1042, 1043).

Although the date typed on the employer's hearing request appears to support claimant's allegation of untimeliness, because no testimony was elicited at the hearing concerning the timeliness of this request and there is no other evidence in the record bearing on this issue, determination of this appeal must be withheld and the matter remitted to the Board for a full development of the record on the timeliness issue (*see, Matter of Rosinski [Ross]*, 85 AD2d 875, 876; *Matter of Kasses [Catherwood]*, 9 AD2d 153, 155).

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.