■ In the Matter of the Claim of TALAKKOTTUR R. DAVID, Respondent. RAPPAPORT, HERTZ, CHERSON & ROSENTHAL, P. C., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [635 NYS2d 359] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 1994, which, upon reopening, ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant, a legal secretary, was asked to resign from his employment with the law firm of Rappaport, Hertz, Cherson & Rosenthal, P. C. (hereinafter the employer) because he had allegedly held himself out as an attorney. Initially, by notices dated May 10, 1993, claimant was found ineligible to receive unemployment benefits because he quit his job without a good cause or, alternatively, because he was terminated for misconduct. Claimant appealed and requested a hearing. A hearing was held on June 11, 1993, at which claimant and a

---

representative of the employer appeared. By decision dated June 22, 1993, the Administrative Law Judge (hereinafter ALJ) determined that claimant's conduct rose to the level of misconduct and sustained the initial determination that he lost his employment under disqualifying conditions; claimant appealed that decision. On March 11, 1994 the Unemployment Insurance Appeal Board, determining that further testimony and evidence was necessary, remanded the matter for a "further hearing". On May 24, 1994 a hearing was held before an ALJ pursuant to the Board's remand. The employer, which was represented at all prior proceedings, failed to appear. On August 4, 1994 the Board made a determination which reversed the original ALJ's decision, concluding that claimant did not voluntarily leave his employment. The employer appeals.

We reverse. The employer's assertion that it was not notified of the May 24, 1994 hearing has merit. The employer includes, as an exhibit to its brief, a copy of a notice under the heading of claimant's case and dated May 12, 1994. The notice stated as follows: "Please be advised that the above case was incorrectly assigned to the Administrative Law Judge Section. Upon review of the file and the documents therein, the case is cancelled and there is no issue before the Administrative Law Judge at this time." The employer's brief also includes a copy of an undated "employer's notice" which cites claimant's case and states that claimant has requested a hearing and that it would be "duly notified of the time and place of the hearing". The employer claims that these are the only notices it received during the period leading up to the hearing in question. The record contains a notice of the May 24, 1994 hearing which is dated May 11, 1994; however, there is no evidence in the record to show that the employer was either sent, or received, said notice. We conclude that the employer's uncontroverted contention that it received no notice of the date of the hearing is supported by the record. The failure to provide the employer with notice violated the Board's own rules and the employer's due process rights (see, 12 NYCRR 461.3 [a]; *Matter of Van Alphen [Hartnett]*, 179 AD2d 918).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.