■ In the Matter of the Claim of PATRICIA L. McDERMOTT, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [646 NYS2d 733] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 1995, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

By initial determination, claimant was found eligible to receive unemployment insurance benefits. The employer filed an objection but failed to appear at a subsequent hearing before an Administrative Law Judge (hereinafter ALJ). The ALJ rendered a decision by default sustaining the initial determination but granting the employer leave to reopen within a reasonable time from the date of the decision. Thereafter, the ALJ granted the employer's application to reopen the case and conducted another hearing at which claimant did not appear. The ALJ overruled the initial determination and, *inter alia*, disqualified claimant from receiving benefits on the basis that claimant voluntarily left her employment without good cause. Subsequently, the ALJ granted claimant's application to reopen the case and adhered to his original decision. Upon claimant's appeal to the Board, the Board affirmed the ALJ's decision.

Claimant asserts that the ALJ erred in granting the

employer's application to reopen because the employer failed to move to reopen the case until more than one year after the ALJ rendered the default decision. The record discloses that the employer filed a timely objection to the initial determination and made a timely request for a hearing in accordance with Labor Law § 620 (1) (a) (*cf., Matter of Davino [Good Samaritan Hosp. Med. Ctr.—Hudacs]*, 210 AD2d 778). While there is no statutory provision requiring the employer to move to reopen the case within a particular time period, the default decision provided that the employer must move to reopen the case within a reasonable time. There is nothing in the record to indicate why the employer waited more than one year from the date of the ALJ's default decision to move to reopen the case (*cf., Matter of Peters [Sweeney]*, 223 AD2d 919). Absent evidence on this issue, we are unable to determine whether the ALJ abused his discretion in granting the employer's motion to reopen. In view of this, the matter must be remitted to the Board to further develop the record in this regard. We have considered claimant's remaining contention and find it to be unpersuasive.

Crew III, J. P., White, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.