■ In the Matter of the Claim of MORRIS J. LEVINE, Appellant. COMMISSIONER OF LABOR, Respondent. [677 NYS2d 643] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed December 31, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause, and (2) from a decision of said Board, filed February 28, 1997, which, upon reconsideration, adhered to its prior decision.

An initial determination finding claimant eligible to receive unemployment insurance benefits was mailed to the parties on July 11, 1996. The employer requested a hearing to challenge the determination by letter postmarked August 12, 1996 and filed with the local unemployment office on August 15, 1996. The request was granted and, ultimately, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits. We reverse. Ordinarily, the 30-day period within which the employer was required to request a hearing pursuant to Labor Law § 620 (2) would have expired on

August 10, 1996. Since this date fell on a Saturday, however, the limitations period was statutorily extended to Monday, August 12, 1996 (*see*, General Construction Law § 25-a). Although the hearing request was mailed on this date, we deem this insufficient to satisfy the time limitation of Labor Law § 620 (2), which we have consistently held must be strictly construed (*see*, *Matter of Fernandez [Sweeney]*, 219 AD2d 767; *Matter of Hodges [Hartnett]*, 154 AD2d 816). Inasmuch as there is nothing in the statute or its implementing regulation (12 NYCRR 461.2) indicating that the timely mailing of an application for a hearing is sufficient, the timeliness of such a request must be measured by the date it was filed with the Commissioner of Labor rather than the date it was mailed (*see*, *Matter of Michicich v Colonial Maid Curtains*, 134 AD2d 688; *Matter of Stern v Electrol, Inc.*, 18 AD2d 1117; *compare*, *Matter of McLaughlin v Saga Corp.*, 242 AD2d 393). Accordingly, the employer's hearing request in this case, filed three days after the 30-day limitations period expired, was untimely.

Mikoll, J. P., Mercure, Crew III, White and Spain, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.