■ In the Matter of the Claim of DANIEL MAY, Respondent. FRANK RIBAUDO, Doing Business as WORLD OF WINDOWS, Appellant; COMMISSIONER OF LABOR, Respondent. [731 NYS2d 810] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 2000, which ruled, *inter alia*, that the employer's request for a hearing was untimely.

Claimant worked as an installer of replacement windows for a business owned by Frank Ribaudo. After his discharge in November 1998, the Commissioner of Labor ruled that claimant and all other employees similarly situated were eligible for unemployment insurance benefits based on remuneration received from Ribaudo. This initial determination of the Commissioner was filed and mailed to the parties on May 20, 1999. On January 14, 2000, almost eight months later, Ribaudo requested a hearing before an Administrative Law Judge (hereinafter ALJ) on the issue of whether claimant had worked for his business in the capacity of an employee or, as Ribaudo claimed, as an independent contractor. A hearing was held March 29, 2000; however, by decision filed April 6, 2000, the ALJ dismissed the matter on the ground that Ribaudo's request for a hearing was untimely. The Unemployment Insurance Appeal Board confirmed the ALJ's decision, giving rise to this appeal.

We affirm. An employer has 30 days from the mailing or personal delivery of an initial determination to request a hearing for the purpose of contesting an award of unemployment insurance benefits (*see*, Labor Law § 620). This Court has repeatedly held that the limitations period of Labor Law § 620 is to be strictly construed (*see*, *Matter of Storch [Gross—Sweeney]*, 244 AD2d 755; *Matter of Hodges [Hartnett]*, 154 AD2d 816, 817) and that failure to make a timely hearing request requires the denial thereof (*see*, *Matter of Barkley [Harlem Community School—Commissioner of Labor]*, 274 AD2d 717, 718). We conclude that Ribaudo's request for a hearing,

---

submitted long after the 30-day limitations period had expired, was appropriately denied as untimely (*see, Matter of Davino [Good Samaritan Hosp. Med. Ctr.—Hudacs]*, 210 AD2d 778, 779).

Cardona, P. J., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.