■ In the Matter of the Claim of MICHELLE RAGO, Respondent. RESOURCE ONE, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [802 NYS2d 564]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 2004, which ruled that the employer's request for a hearing was untimely.

By initial decision dated and mailed April 11, 2003, claimant was deemed eligible to receive unemployment insurance benefits based upon a finding that she and those similarly situated were employees of Resource One, Inc. Testimony at the hearing established that the initial determination was mailed in accordance with Department of Labor procedures and was received by Resource One shortly thereafter. Nevertheless, Resource One failed to request a hearing until August 13, 2003. Following a hearing, the Administrative Law Judge found that the request for a hearing was untimely and continued in effect the initial determination. The Unemployment Insurance Appeal Board affirmed and this appeal ensued.

Labor Law § 620 (2) gives an employer 30 days from the initial determination in which to request a hearing. Notwithstanding Resource One's excuse for its failure to request a hearing earlier, the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing (see *Matter of May [Commissioner of Labor]*, 288 AD2d 538 [2001]; *Matter of Storch [Cora Gross—Sweeney]*, 244 AD2d 755 [1997]; *Matter of Davino [Good Samaritan Hosp. Med. Ctr.— Hudacs]*, 210 AD2d 778 [1994]). As such, the belated request for a hearing was properly denied as untimely (see *Matter of Schwartz [Durhon Oldham Natl. Income Life—Commissioner of Labor]*, 17 AD3d 903, 904 [2005]). Accordingly, the merits of the determination are not properly before this Court (see *id.*).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.