██ In the Matter of the Claim of SUSAN G. HARROUN, Appellant. COMMISSIONER OF LABOR, Respondent. [843 NYS2d 526]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 27, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

An initial determination by the Commissioner of Labor finding claimant eligible to receive unemployment insurance benefits was mailed to the parties on August 23, 2005. Thereafter, by correspondence dated September 21, 2005 and filed with the local unemployment office on September 26, 2005, the employer requested a hearing to protest the determination. Following the hearing, the Administrative Law Judge overruled an objection by the Commissioner of Labor that the employer's hearing request was untimely, and upheld the initial determination of eligibility for benefits. The Unemployment Insurance Appeal Board reversed the Administrative Law Judge's decision, finding that claimant was disqualified from receiving

benefits on the ground that she had been discharged from her employment for misconduct. Claimant now appeals.

We reverse. The 30-day period in which the employer had to request a hearing to contest the Commissioner of Labor's initial determination expired on September 22, 2005 (*see* Labor Law § 620 [2]). Although the employer's hearing request was dated and apparently mailed on September 21, 2005, it was not filed until September 26, 2005. The timeliness of such a request is measured by the date on which it was filed, and not on the date on which it was mailed (*see Matter of Levine [Commissioner of Labor]*, 253 AD2d 954, 955 [1998]). As such, the employer's request for a hearing, filed four days after the controlling 30-day limitations period elapsed, was time-barred (*see id.*).

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.