■ In the Matter of the Claim of MARTIN T. SURDAM, Appellant. COMMISSIONER OF LABOR, Respondent. [855 NYS2d 923]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 2007, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

An initial determination finding claimant eligible to receive unemployment insurance benefits was mailed to the parties on April 19, 2006. Although the employer thereafter requested a hearing to challenge that determination, an Administrative Law Judge sustained the initial determination upon the employer's failure to appear. The employer successfully applied to reopen the case and, following a hearing, an Administrative Law Judge overruled an objection by the Commissioner of Labor to the timeliness of the employer's hearing request and determined that claimant was disqualified from receiving benefits because he lost his employment as a result of misconduct. The Unemployment Insurance Appeal Board affirmed that decision and, following claimant's successful application for reopening and reconsideration, adhered to its decision. Claimant now appeals.

Although the employer's hearing request was dated within the statutory 30-day period (*see* Labor Law § 620 [2]), it was not filed with the Department of Labor until that time period had expired. As such, it was not a timely request (*see Matter of Harroun [Commissioner of Labor]*, 44 AD3d 1220, 1221 [2007]; *Matter of Levine [Commissioner of Labor]*, 253 AD2d 954, 955 [1998]) and the Board's decision must be reversed.

Mercure, J.P., Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.