Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 9, 2011, which ruled that the employer’s request for a hearing was untimely.
Claimant applied for unemployment insurance benefits. By an initial decision dated January 12, 2009, claimant was deemed eligible to receive benefits and the employer was found liable for contributions based on remuneration paid to claimant and others similarly situated. Although the decision was accompanied by notice that the employer must request a hearing in writing within 30 days if it disagreed with the decision, the employer did not submit a written request challenging this determination until February 27, 2009. Following a hearing, the Administrative Law Judge found that the employer’s request for a hearing was untimely and continued in effect the initial *808 determination. The Unemployment Insurance Appeal Board affirmed and this appeal ensued.
“Pursuant to Labor Law § 620 (2), an employer has 30 days from the mailing or personal delivery of a contested determination to request a hearing” (Matter of White [Lurie — Commissioner of Labor], 49 AD3d 932, 933 [2008]; see Matter of Rago [Resource One, Inc. — Commissioner of Labor], 22 AD3d 1002, 1002 [2005]). The employer acknowledged receiving the determination, but was unsure of the date of such receipt. Pursuant to the unrebutted presumption found in 12 NYCRR 461.2, the determination was deemed mailed on January 12, 2009 and received by the employer within five days thereafter. Although the employer contends that the admittedly late written request for a hearing was due to law office failure, “the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing” (Matter of Rago [Resource One, Inc. — Commissioner of Labor], 22 AD3d at 1002; see Matter of White [Lurie — Commissioner of Labor], 49 AD3d at 933; Matter of May [Ribaudo — Commissioner of Labor], 288 AD2d 538, 538 [2001]). Accordingly, we will not disturb the Board’s determination that the employer’s request for a hearing was untimely (see Matter of White [Lurie — Commissioner of Labor], 49 AD3d at 933; Matter of Rago [Resource One, Inc.— Commissioner of Labor], 22 AD3d at 1002). The employer’s remaining claims, to the extent that they are properly before us, have been examined and found to be without merit.
Peters, P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.