*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                    517203
_____

In the Matter of the Claim of
    KELLY A. PREYER,
                    Respondent.

IRENE S. DISCHE,
                    Appellant.              MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   September 10, 2014

Before:   Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        Gary Mailman, Princetown, New Jersey, for appellant.

        James W. Cooper, Warrensburg, for Kelly A. Preyer,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for Commissioner of Labor, respondent.

_____

Lynch, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed October 19, 2012, which ruled that the
employer's request for a hearing was untimely.

        Claimant served as the manager and rental agent for a
property located in the Town of Rhinebeck, Dutchess County owned
by Irene S. Dische.  Following the termination of her services,
claimant filed a claim for unemployment insurance benefits and
the Department of Labor thereafter issued an initial

determination, mailed to Dische on May 24, 2011, finding claimant to be an employee and requiring Dische to pay contributions based upon claimant's earnings.  The letter was mailed to Dische's address in Florida.  Dische, who spent much of her time in Europe, returned to Florida in August 2011 and, upon discovering the letter, forwarded it to her accountant, who then submitted a letter to the Department, dated August 18, 2011, disputing the finding that claimant was an employee.  By correspondence to the accountant dated October 5, 2011, the Department acknowledged receipt of the August 18, 2011 letter and directed him to refer to the May 2011 letter "regarding [her] hearing rights."  By correspondence dated October 11, 2011, the accountant requested a hearing on the matter.  Following a hearing, an Administrative Law Judge found that the October 2011 letter constituted the first request for a hearing and, as such, was untimely and the initial determination was continued in effect.  The Unemployment Insurance Appeal Board affirmed and Dische now appeals.

We affirm.  Pursuant to Labor Law § 620 (2), an employer has 30 days to request a hearing after the mailing or personal delivery of a notice of determination from which it claims to be aggrieved (see 12 NYCRR 461.2; Matter of Hickman [Maximum Litigation Support Servs., LLC—Commissioner of Labor], 111 AD3d 1000, 1000 [2013]).  Notably, "'the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing'" (Matter of Agarwal [Bilingual Seit & Preschool, Inc.—Commissioner of Labor], 108 AD3d 807, 808 [2013], quoting Matter of Rago [Resource One, Inc.—Commissioner of Labor], 22 AD3d 1002, 1002 [2005]).  Here, even assuming without deciding that the accountant's August 2011 letter constituted a request for a hearing, such request was still made well after the statutory 30-day period within which Dische was required to respond.  In our view, the Department properly sent its initial determination to the address that Dische provided on the 1099 form that she issued to claimant.  Notably, at the hearing, Dische did not dispute delivery of the initial determination; rather, she explained that she did not have notice of it because she failed to arrange for all of her

mail to be forwarded.[1]  As such, we decline to disturb the Board's decision that Dische's request for a hearing was untimely.  Dische's remaining contentions, including that she was not accorded due process, have been examined and found to be either unpreserved or without merit.

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  Given Dische's testimony in this regard, her argument that the Department used an incorrect zip code is academic. Moreover, this contention was not raised before the Administrative Law Judge or the Board, and thus was not preserved for our review (see Matter of Anderson [Lincoln Ctr. for the Performing Arts, Inc.– Commissioner of Labor], 108 AD3d 900, 900 [2013]).