Matter of Gorbea v Verizon N.Y. Inc. (2021 NY Slip Op 06580)





Matter of Gorbea v Verizon N.Y. Inc.


2021 NY Slip Op 06580


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

531399
[*1]In the Matter of the Claim of Sonya Gorbea, Appellant,
v
Verizon New York Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Sonya Gorbea, New York City, appellant pro se.
White and Williams LLP, Pleasantville (Scott H. Casher of counsel), for Verizon New York Inc. and another, respondents.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 8, 2020, which denied claimant's request for reconsideration and/or full Board review.
Claimant, who was unrepresented, applied for workers' compensation benefits after work-related stress purportedly caused an exacerbation of a preexisting psychological condition. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim in a decision filed on October 29, 2018, finding that claimant did not set forth facts demonstrating that she suffered work stress greater than other technicians working for the employer.
Claimant's administrative appeal was filed with the Workers' Compensation Board in April 2019 and was therefore untimely (see Workers' Compensation Law § 23), but she alleged that she had, in fact, submitted a timely appeal that was never processed by the Board. In support of that contention, claimant provided the Board with an appeal letter dated November 16, 2018, documentation that she had sent items via certified mail, return receipt requested, during that period, and a return receipt addressed to the Board and signed by someone indicating that the items were received on "11/20." In a September 2019 decision, the Board denied claimant's application for review as untimely, finding that she had failed to provide sufficient evidence for timely filing. Claimant then applied for reconsideration and/or full Board review, which was denied by the Board in a January 2020 decision. Claimant appeals from the January 2020 decision.
Because claimant has appealed only from the decision addressing her application for reconsideration and/or full Board review, our review "is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner" in denying that application (Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [2021] [internal quotation marks and citation omitted], lv dismissed 37 NY3d 938 [2021]). In order to meet that standard, the record must "show[] that the Board failed to address all relevant issues or failed to consider evidence that was not previously available" (Matter of Visic v O'Nero & Sons Constr. Co., 96 AD3d 1266, 1267 [2012]; see Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]).
To that end, the Board determined in its September 2019 decision that it could not verify what claimant had mailed to it and that "the return receipt alone [was] insufficient . . . to find a November 20, 2018 filing date" for her appeal (emphasis added). Claimant noted in her application for reconsideration and/or full Board review that her argument did not rest upon "the return receipt alone," however, as she provided the Board with a copy of her November 16, 2018 appeal and a tracking printout connecting an item mailed on that date to the return receipt. It is accordingly evident that the Board did not fully consider the issue [*2]raised by claimant; indeed, had it done so, the proof submitted by her would appear to give rise to the presumption that she mailed an appeal in November 2018 that was "timely received by the Board, but merely misplaced" (Matter of Allen v Bausch & Lomb, 130 AD2d 802, 803 [1987]; see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]; Matter of Michicich v Colonial Maid Curtains, 134 AD2d 688, 689 [1987]). Claimant further provided evidence that was not available at the time of her April 2019 submission and that rebutted the Board's finding that no proof identified the signatory of the November 2018 return receipt as a Board agent, namely, a return receipt from a June 2019 filing with the Board that appeared to be signed by the same person. In our view, the Board could not rationally conclude from the foregoing that reconsideration and/or full Board review was unwarranted, and it follows that its denial of that relief was arbitrary and capricious and must be reversed (see Matter of Visic v O'Nero & Sons Constr. Co., 96 AD3d at 1267; Matter of Kaja v Siller Bros., Inc., 74 AD3d 1511, 1512 [2010]).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.