Matter of Bidot v Suffolk County Probation Dept. (2022 NY Slip Op 03423)





Matter of Bidot v Suffolk County Probation Dept.


2022 NY Slip Op 03423


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533094
[*1]In the Matter of the Claim of Juan A. Bidot, Appellant,
v
Suffolk County Probation Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for Suffolk County Probation Department and another, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 13, 2021, which denied claimant's request for reconsideration and/or full Board review.
In May 2019, claimant, a probation officer who had worked in a sex offender unit from 2007 through 2018, filed an occupational disease claim for workers' compensation benefits, alleging that he had developed posttraumatic stress disorder, anxiety and depression due to prolonged and repeated exposure to sex offenders and the nature of their cases.[FN1] The self-insured employer and its third-party administrator subsequently controverted the claim. Following hearings, a Workers' Compensation Law Judge, among other things, established the occupational disease claim for posttraumatic stress disorder, with a date of disablement of August 21, 2019, and found that claimant had sustained no compensable lost time. Upon administrative appeal, the Workers' Compensation Board reversed the decision of the Workers' Compensation Law Judge and disallowed the claim, finding that claimant failed to demonstrate that the psychological stress that he sustained was greater than that experienced by similarly situated probation officers assigned to the sex offender unit in which he worked. Claimant then applied for reconsideration and/or full Board review, which was denied by the Board in a January 2021 decision. Claimant appeals from the January 2021 decision.
We affirm. Initially, inasmuch as "claimant has appealed only from the decision addressing [his] application for reconsideration and/or full Board review, our review is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner in denying that application" (Matter of Gorbea v Verizon N.Y. Inc., 199 AD3d 1253, 1253-1254 [2021] [internal quotation marks and citations omitted]). To satisfy that standard, "he was required to demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Moore v U.S. Xpress, Inc., 201 AD3d 1083, 1085 [2022] [internal quotation marks and citations omitted]; see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019]; Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]).
Upon reviewing the record before us, we find that claimant's application for reconsideration and/or full Board review failed to allege a material change in condition or set forth any newly discovered evidence that would warrant granting his request. Moreover, the record reflects that the Board fully considered the issues that were properly before it, including claimant's contention, which the Board rejected, that the psychological stress that he sustained was greater than that experienced by similarly situated probation officers in general as compared [*2]to those officers assigned to the sex offender unit in which he worked. Accordingly, we discern no abuse of discretion by the Board in denying claimant's request for reconsideration and/or full Board review (see Matter of Washington v Human Tech., 170 AD3d 1349, 1351 [2019]; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1111 [2018], lv denied 33 NY3d 901 [2019]; Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1138 [2017]). Claimant's remaining contentions, to the extent not explicitly addressed, have been reviewed and found to be without merit.
Garry, P.J., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In July 2018, claimant was accused of misconduct in the performance of his duties and was ultimately terminated in September 2019.