Matter of Banish v Warren County Sheriff's Off. (2022 NY Slip Op 05570)

Matter of Banish v Warren County Sheriff's Off.

2022 NY Slip Op 05570

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

534171 534534
[*1]In the Matter of the Claim of James Banish, Appellant,
v
Warren County Sheriff's Office, by and through Warren County Self Insurance Plan, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Lemire & Higgins, LLC, Malta (Christopher R. Lemire of counsel), for Warren County Sheriff's Office, respondent.

Fisher, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed March 31, 2021, which ruled that claimant did not sustain a causally-related injury to his left shoulder and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed August 11, 2021, which denied claimant's application for reconsideration and/or full Board review.
In August 2019, claimant, a patrol officer for the self-insured employer, filed a claim for workers' compensation benefits stemming from injuries to his jaw and head that occurred when he was assaulted by an individual while on duty. After his case was established for certain injuries, claimant later requested that his claim for benefits be amended to include a causally-related injury to his left shoulder based upon, in part, proof that he had been granted General Municipal Law § 207-c benefits for said injury. Following various proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) found, as is pertinent here, that claimant did not sustain a causally-related injury to his left shoulder and disallowed the claim. The Board affirmed, adopting the WCLJ's findings and decision, and claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals.
We affirm. An injury is compensable only where it "aris[es] out of and in the course of employment" (Workers' Compensation Law § 2 [7]; see Workers' Compensation Law § 10 [1]; Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [3d Dept 2018]). As the party seeking benefits, "[a] claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1147 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d 1216, 1217 [3d Dept 2021]). This factual determination is "within the province of the Board and such decision will not be disturbed if supported by substantial evidence" (Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [3d Dept 2018]; see Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330-1331 [3d Dept 2020]).
Claimant testified that he injured his left shoulder while attempting to place restraints on an uncooperative, disorderly individual during the underlying incident. Despite this account of events, claimant failed to include his asserted left shoulder injury in his initial claim for benefits and did not seek medical attention for his shoulder injury until five months following the incident. Further, claimant's emergency room medical reports from the day of the incident reveal no concerns or complaints regarding his shoulder. Moreover, although claimant submitted the reports of his treating medical providers in support of his claim, both indicate that his left shoulder pain began several years prior to the underlying [*2]incident and neither provide an opinion as to causation. Dominic Belmonte, a physician who evaluated claimant on behalf of the employer, opined that, based upon his review of claimant's medical records and a physical examination, claimant's left shoulder injury was not causally-related to the underlying incident. In view of the foregoing, as substantial evidence supports the Board's conclusion that claimant did not sustain a causally- related injury to his left shoulder, that conclusion will not be disturbed (see Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d at 1217-1218; Matter of Sbuttoni v FOJP Serv. Corp., 179 AD3d 1234, 1235 [3d Dept 2020]).
We are unpersuaded by claimant's contention that the Board's decision must be reversed for failure to address his argument that his claim should be amended to include a left shoulder injury based upon his prior award for benefits under General Municipal Law § 207-c. Contrary to claimant's assertions, the record reflects that the WCLJ considered this argument by relying upon claimant's related supplemental memorandum in rendering its determination. Further, in adopting the WCLJ's findings and decision, the Board explicitly noted claimant's argument as to General Municipal Law § 207-c before determining that the record nevertheless supported the denial of his claim. Despite claimant's contentions to the contrary, no lengthy analysis as to the merits of his argument was necessary, as it has long been held that Workers' Compensation Law and General Municipal Law § 207-c are discrete statutory schemes designed to fulfill different purposes and "do not necessarily examine and determine the same issue, in the same way, and under the same protocols, procedures and conditions" (Matter of Balcerak v County of Nassau, 94 NY2d 253, 258 [1999]; see Matter of Ertner v County of Chenango, 280 AD2d 851, 851 [3d Dept 2001]; see also Matter of Verille v Gardner, 177 AD3d 1068, 1070 [3d Dept 2019]).
Turning to claimant's application for reconsideration and/or full Board review, "our review is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner in denying that application" (Matter of Gorbea v Verizon N.Y. Inc., 199 AD3d 1253, 1253-1254 [3d Dept 2021] [internal quotation marks and citations omitted]). To meet this standard, the record must "show[] that the Board failed to address all relevant issues or failed to consider evidence that was not previously available" (Matter of Visic v O'Nero & Sons Constr. Co., 96 AD3d 1266, 1267 [3d Dept 2012]; accord Matter of Gorbea v Verizon N.Y. Inc., 199 AD3d at 1254). As claimant failed to allege or set forth any newly discovered evidence, and the record reflects that the Board fully considered the relevant issues and evidence before it, we find no abuse of discretion in the denial of claimant's application (see Matter of Bidot v Suffolk County Probation Dept., 205 AD3d 1280, 1281 [3d Dept 2022]; Matter of Gorbea [*3]v Verizon N.Y. Inc., 201 AD3d 1168, 1169 [3d Dept 2022]; Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1119 [3d Dept 2020]; Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [3d Dept 2016]).
Garry, P.J., Egan Jr., Clark and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.