Matter of Blaylock v Harran Transp. Co. (2023 NY Slip Op 00896)

Matter of Blaylock v Harran Transp. Co.

2023 NY Slip Op 00896

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534160
[*1]In the Matter of the Claim of Michael Blaylock, Appellant,
v
Harran Transportation Co. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

John F. Clennan, Ronkonkoma, for appellant.
David F. Wertheim, State Insurance Fund, Albany (Katherine A. Mason-Horowitz of counsel), for Harran Transportation Co. and another, respondents.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed August 11, 2021, which denied claimant's application for reconsideration and/or full Board review.
In 1994, claimant was classified as permanently partially disabled due to injuries to his neck and back stemming from a 1990 work-related accident and was awarded indemnity benefits. Claimant's indemnity benefits ceased due to his felony incarceration from March 1997 through August 2013. Shortly after his release from prison, claimant sought to have his workers' compensation benefits reinstated. Following numerous hearings, a Workers' Compensation Law Judge (hereinafter WCLJ), by decision filed August 21, 2017, ruled that the claim was barred by Workers' Compensation Law § 123 given the date of the injury and the period of time the indemnity payments were suspended due to his incarceration. Claimant administratively appealed that decision. The WCLJ also ruled, in a decision filed October 26, 2018, that the workers' compensation carrier did not submit sufficient medical evidence of an intervening injury to claimant's neck or back and authorized continued medical treatment for the sites of injury, prompting an administrative appeal by the carrier. By decision filed January 17, 2019, the Workers' Compensation Board denied claimant's application for review of the August 21, 2017 decision with respect to the applicability of Workers' Compensation Law § 123 based upon procedural errors, and affirmed the WCLJ decision appealed by the carrier. Claimant's request for reconsideration and/or full Board review was denied.
In April 2021, claimant, although represented by counsel, submitted on his own behalf a request seeking review of whether Workers' Compensation Law § 123 barred reinstatement of his indemnity benefits and asserting that he is currently severely disabled. The Board, by decision filed June 9, 2021, denied claimant's request, ruling that his challenge to the applicability of Workers' Compensation Law § 123 was untimely and that claimant did not submit credible medical evidence of a change in condition. Claimant filed an application for reconsideration and/or full Board review, asserting that the Board failed to consider his doctor's medical report which had been submitted to the Board. The Board, in a decision filed August 11, 2021, denied claimant's application. Claimant appeals from the Board's August 11, 2021 decision.
Claimant contends that the Board abused its discretion in failing to consider additional medical evidence of his increased disability that was submitted to the Board. To succeed on an application for reconsideration and/or full Board review, a claimant must "demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Bidot v Suffolk County Probation Dept., 205 AD3d 1280, 1281[*2][3d Dept 2022] [internal quotation marks and citations omitted]). "[O]ur review is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner in denying that application" (Matter of Gorbea v Verizon N.Y. Inc., 199 AD3d 1253, 1253-1254 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Banish v Warren County Sheriff's Off., 209 AD3d 1081, 1083 [3d Dept 2022]).
There is no dispute that the medical evidence submitted by claimant's physician, although not specifically referenced by the Board, was available to the Board prior to its June 9, 2021 decision (see Matter of Gentile v Sovereign Motor Cars, 77 AD3d 1027, 1028 [3d Dept 2010], lv dismissed 16 NY3d 824 [2011]; Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1173 [3d Dept 2009]). Further, the issue of whether Workers' Compensation Law § 123 bars further indemnity awards was fully litigated between 2015 and 2019, and the Board did not abuse its discretion in failing to consider claimant's untimely request for review of that issue. Finally, we are unpersuaded that the Board did not fully consider all of the issues raised by claimant. In short, claimant failed to demonstrate that the Board abused its discretion or acted in an arbitrary or capricious manner in denying his application for reconsideration and/or full Board review (see Matter of Banish v Warren County Sheriff's Off., 209 AD3d at 1083-1084; Matter of Bidot v Suffolk County Probation Dept., 205 AD3d at 1281),and its decision will not be disturbed.
Egan Jr., J.P., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the decision is affirmed, with costs.