Matter of Beiter v Neth & Son, Inc. (2023 NY Slip Op 00897)

Matter of Beiter v Neth & Son, Inc.

2023 NY Slip Op 00897

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534521
[*1]In the Matter of the Claim of Arnold Beiter, Appellant,
v
Neth & Son, Inc., et al., Respondents. Workers Compensation Board, Respondent.

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ.

Arnold Beiter, Amherst, appellant pro se.
David F. Wertheim, State Insurance Fund, Albany (Alisa A. Ammerman of counsel), for Neth & Son, Inc. and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed July 8, 2021, which denied claimant's application for reconsideration and/or full Board review.
In 1994, claimant sustained injuries while working as a carpenter, and his claim for workers' compensation benefits was later established for injuries to the neck and right shoulder. Claimant was subsequently classified with a permanent partial disability and was awarded ongoing indemnity benefits. Following reopening in February 2020 to address the issue of whether a permanent change in condition had occurred, the claim was amended to include vocal cord paralysis. The case was continued to address the issue of permanency, and the employer and its workers' compensation carrier (herein collectively referred to as the carrier) alleged that claimant had misrepresented the degree of his disability and involvement in work activities in violation of Workers' Compensation Law § 114-a. Following hearings, which included claimant's testimony and the submission of video evidence and an investigative report, a Workers' Compensation Law Judge (hereinafter WCLJ) found that Workers' Compensation Law § 114-a applied and assessed claimant a mandatory penalty of recission of all awards for the period of June 12, 2019 to August 14, 2020 and also imposed a discretionary penalty permanently disqualifying claimant from receiving wage replacement benefits associated with this claim. Upon administrative review, the Board affirmed, agreeing with the WCLJ that claimant was not credible in his testimony, that he had not submitted any new medical evidence relevant to his alleged memory issues at the hearing and that he had made an intentional misrepresentation of a material fact for the purposes of obtaining indemnity benefits in violation of Workers' Compensation Law § 114-a. The Board also denied claimant's subsequent application for reconsideration and/or full Board review in a July 2021 decision, from which claimant now appeals.
We affirm. Initially, inasmuch as "claimant has appealed only from the decision addressing [his] application for reconsideration and/or full Board review, our review is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner in denying that application" (Matter of Gorbea v Verizon N.Y. Inc., 199 AD3d 1253, 1253-1254 [3d Dept 2021] [internal quotation marks and citations omitted]). To satisfy that standard, claimant "was required to demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Moore v U.S. Xpress, Inc., 201 AD3d 1083, 1085 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1029 [2022]; see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [3d Dept 2019]; Matter of D'Errico v New York City Dept. of [*2]Corrections, 65 AD3d 795, 796 [3d Dept 2009], appeal dismissed 13 NY3d 899 [2009]).
Upon reviewing the record before us, we find that claimant's application for reconsideration and/or full Board review failed to allege a material change in condition or set forth any newly discovered evidence that would warrant granting his request. In the underlying April 2021 decision, the Board addressed the September 2020 letter from claimant's treating physician as well as claimant's alleged undiagnosed medical condition. Moreover, the record reflects that the Board fully considered the issues that were before it, including the alleged Workers' Compensation Law § 114-a violation, the veracity of claimant's hearing testimony and his alleged new evidence and medical condition. Accordingly, we discern no abuse of discretion by the Board in denying claimant's request for reconsideration and/or full Board review (see Matter of Banish v Warren County Sheriff's Off., 209 AD3d 1081, 1084 [3d Dept 2022]; Matter of Bidot v Suffolk County Probation Dept., 205 AD3d 1280, 1281 [3d Dept 2022]). Claimant's remaining contentions, to the extent not explicitly addressed, have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.