■ In the Matter of PATRICIA CHAMPAGNE, Appellant, v EDWARD V. REGAN, as State Comptroller, Respondent. [595 NYS2d 120] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 20, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying her application for disability retirement benefits.

As a result of an injury she received on November 2, 1983, petitioner's employment was eventually terminated under Civil Service Law § 71 as of March 12, 1986. Although petitioner requested and received an application for disability retirement benefits in April 1986, she did not file the application until March 23, 1988. Before any determination had been made, petitioner withdrew the application on August 1, 1988. Petitioner then filed a second application on April 24, 1989, which was denied by respondent on the ground that it was not timely filed.

We agree with Supreme Court that petitioner's application for disability retirement benefits was untimely because it was not filed within 12 months after she received notice of her termination (see, Retirement and Social Security Law § 605 [b]). Nevertheless, petitioner contends, as she did before Supreme Court, that respondent is estopped from questioning the timeliness of her application because her failure to apply was the result of erroneous advice given to her by a representative of the State Employees' Retirement System. Not only is estoppel unavailable against a governmental agency except in extraordinary circumstances, not present here (see, Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33; Matter of Schwartz v Crosson, 165 AD2d 147, 149), but misinformation given by respondent's employees does not give rise to an estoppel argument (see, Matter of Limongelli v New York State Empls. Retirement Sys., 173 AD2d 904, 905). In any event, we agree with respondent that the issue of estoppel became moot after petitioner withdrew her first application.

Weiss, P. J., Yesawich Jr., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.