■ In the Matter of the Claim of TARA A. McCARTHY, Appellant. COMMISSIONER OF LABOR, Respondent. [835 NYS2d 462]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 8, 2005, which ruled that claimant's request for a hearing was untimely.

After an initial determination found claimant to be eligible for unemployment insurance benefits, the employer requested a hearing. When the employer failed to appear at the hearing, the Administrative Law Judge issued a default decision sustaining the initial determination. The employer applied to reopen the default and a telephone conference hearing was conducted. Claimant did not answer her phone in order to participate in the hearing, following which the Administrative Law Judge granted the employer's application to reopen and ruled that claimant was disqualified from receiving benefits because she had voluntarily left her employment without good cause. Based upon the Administrative Law Judge's decision, a new determination was issued on November 25, 2003, which claimant admittedly received, holding claimant ineligible to receive benefits, charging her with a recoverable overpayment and reducing her right to future benefits by eight effective days. Claimant subsequently sent a letter, received by the Department of Labor on July 25, 2005, requesting an opportunity to present arguments as to why the new determination was erroneous. Following a hearing on claimant's letter request, the Administrative Law Judge found that claimant's request for a hearing was not timely (*see* Labor Law § 620 [1] [a]) and sustained the Commissioner of Labor's timeliness objection. The Administrative Law Judge likewise found that the case should not be reopened pursuant to 12 NYCRR 461.8. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

We affirm. Claimant neither requested a hearing within 30 days of the mailing of the determination by which she was aggrieved nor established a reasonable excuse for the delay in doing so (*see* Labor Law § 620 [1] [a]). Thus, we find no reason to disturb the Board's decision that the request was untimely (*see Matter of Ronn [Commissioner of Labor]*, 34 AD3d 900, 901 [2006]; *Matter of Alkovic [Gold Shield Sec. & Investigation, Inc.—Commissioner of Labor]*, 32 AD3d 1062, 1063 [2006]).

Further, we perceive no abuse of discretion in the denial of the application to reopen the case (*see* 12 NYCRR 461.8; *Matter of Johnson [Commissioner of Labor]*, 298 AD2d 756 [2002]). Finally, despite claimant's attempts to argue the merits of her case upon this appeal, we note that the merits of her disqualification for benefits are not properly before this Court (*see Matter of Wood [Commissioner of Labor]*, 24 AD3d 854, 855 [2005]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.