■ In the Matter of the Claim of CHRISTOPHER D. WHITE, Respondent. JONATHAN B. LURIE, Doing Business as JBL COMPUTER SOLUTIONS, Appellant; COMMISSIONER OF LABOR, Respondent. [853 NYS2d 390]—

On November 23, 2004, the Department of Labor issued an initial determination holding claimant eligible to receive unemployment insurance benefits and the employer liable for contributions based on remuneration paid to claimant and others similarly situated. However, the employer did not request a hearing challenging the determination until March 3, 2005. Following a hearing on the issue, in two separate decisions, an Administrative Law Judge found that the hearing request was untimely as to the issue of claimant's eligibility and as to the is-

sue of the employer's liability for contributions. These decisions were subsequently affirmed by the Unemployment Insurance Appeal Board. The employer successfully moved to reopen and, upon reconsideration, the Board adhered to its prior decisions, prompting these appeals.

Pursuant to Labor Law § 620 (2), an employer has 30 days from the mailing or personal delivery of a contested determination to request a hearing. Although the employer offered an excuse for its failure to request a hearing within the 30-day period following the November 23, 2004 determination, "the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing" (*Matter of Rago [Resource One, Inc.—Commissioner of Labor]*, 22 AD3d 1002, 1002 [2005]; *see Matter of Schwartz [Durhon Oldham Natl. Income Life—Commissioner of Labor]*, 17 AD3d 903, 903-904 [2005]). Accordingly, we will not disturb the Board's decisions with respect to timeliness. In view of our disposition, we need not address the employer's remaining claims.

Cardona, P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.