■ In the Matter of the Claim of CYNTHIA M. CAHILL, Appellant. THE ROWAN GROUP, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [912 NYS2d 471]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 12, 2010, which ruled that claimant's request for a hearing was untimely.

In April 2008, after working for the employer for approximately five years, claimant left her job, applied for unemployment insurance benefits and filed a complaint against the employer with the Department of Labor regarding unpaid wages and commissions. At that time, claimant was informed by an investigator from the Department that if the complaint against the employer was sustained, she would be able to refile for unemployment benefits. Claimant received an initial determination dated April 25, 2008 that disqualified her from receiving unemployment insurance benefits on the basis that she voluntarily separated from her employment without good cause. Apparently, in June 2008 or July 2008, claimant was again informed by another employee of the Department that she would be able to refile for unemployment benefits in the event that her complaint against the employer was sustained. In August 2009, claimant's complaint was sustained and she received a check for $374.12 in back wages. She then requested a hearing regarding the April 25, 2008 denial of her application for unemployment insurance benefits. Following a hearing, an Administrative Law Judge overruled the Department's timeliness objection and reversed the initial determination, awarding claimant benefits. Subsequently, the Unemployment Insurance Appeal Board reversed the decision of the Administrative Law Judge, finding claimant's request for a hearing was untimely. Claimant appeals.

We affirm. A claimant who is dissatisfied with an initial determination must request a hearing within 30 days unless prevented from doing so by physical or mental incapacity (see Labor Law § 620 [1] [a]; Matter of Wright [Commissioner of Labor], 71 AD3d 1324 [2010]; Matter of Lewis [Commissioner of Labor], 69 AD3d 1088 [2010]). On this appeal, claimant essentially advances an estoppel argument by arguing that she did not request a hearing within 30 days because she relied on the erroneous advice of the Department's employees to wait until a decision was rendered on her complaint. However, it has long been held that estoppel is unavailable against a government agency except in extraordinary circumstances, and receiving misinformation from a government employee does not con-

stitute such a circumstance (*see Matter of Grella v Hevesi*, 38 AD3d 113, 117 [2007]; *Matter of Schwartz v McCall*, 300 AD2d 887, 889 [2002]; *Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764 [1993]; *Matter of Champagne v Regan*, 191 AD2d 895 [1993]). Claimant's remaining arguments have been considered and found lacking in merit.

Mercure, J.P., Lahtinen, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.