██ In the Matter of the Claim of HUMBERTO RAMOS, Appellant. COMMISSIONER OF LABOR, Respondent. [940 NYS2d 345]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2011, which ruled that claimant's request for a hearing was untimely.

After losing his employment as a cleaner, claimant was disqualified from receiving unemployment insurance benefits because he was terminated due to misconduct. That determination, sent in both English and Spanish, was dated and mailed on February 1, 2010. Claimant, who speaks only Spanish and is illiterate, testified, with the aid of a translator, that the determination was read to him by a friend or relative the day after he received it and he admitted being informed that a hearing request must be made in writing within 30 days of the issuance of that determination. Nevertheless, claimant's hearing request was dated May 21, 2010. Upon finding claimant's request for a hearing untimely, the Administrative Law Judge upheld the initial determination. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

We affirm. "Pursuant to Labor Law § 620 (1) (a), when dissatisfied with an initial determination, a claimant must request a hearing within 30 days unless physical or mental incapacity prevents him or her from doing so" (*Matter of Desani [Commissioner of Labor]*, 78 AD3d 1403 [2010]). Here, claimant testified

that he delayed filing his appeal because he believed his former employer or union would help him obtain unemployment insurance benefits. Under these circumstances, we find no basis to disturb the Board's ruling (*see Matter of Diaz [Commissioner of Labor]*, 6 AD3d 1024 [2004]; *Matter of Havens [Commissioner of Labor]*, 276 AD2d 987, 987-988 [2000], *appeal dismissed* 96 NY3d 730 [2001]).

Rose. J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.