In the Matter of EUGENE F. SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [949 NYS2d 817]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 2011, which ruled that claimant's request for a hearing was untimely.

By two notices of determination mailed July 22, 2010, claimant, a teacher for the City School District of New York, was disqualified from receiving unemployment insurance benefits on the grounds that he quit his job without good cause, due to his failure to complete his teaching certification requirements, and that he was not totally unemployed, due to his summer employment with the District. Claimant requested a hearing in November 2010. An Administrative Law Judge ruled that claimant's request for a hearing was untimely, and the Unemployment Insurance Appeal Board affirmed. Claimant now appeals.

We affirm. " 'Pursuant to Labor Law § 620 (1) (a), when dissatisfied with an initial determination, a claimant must request a hearing within 30 days unless physical or mental incapacity prevents him or her from doing so' " (*Matter of Ramos [Commissioner of Labor]*, 93 AD3d 1012, 1012 [2012], quoting *Matter of Desani [Commissioner of Labor]*, 78 AD3d 1403, 1403 [2010]). Here, claimant admitted receiving the notice of determination shortly after it was mailed in July 2010 and being aware of the 30-day time limit for requesting a hearing. Claimant testified that he failed to request a hearing within 30 days because he thought he needed to wait until his summer employment ended to do so, and he stated that he received advice to that effect from Department of Labor employees following the initial denial of his application for benefits. However, neither claimant's confusion regarding the two notices (*see Matter of Jowers [Commissioner of Labor]*, 295 AD2d 734, 735 [2002], *lv denied* 98 NY2d 614 [2002]) nor the erroneous advice from the Department (*see Matter of Cahill [Rowan Group, Inc.—Commissioner*

*of Labor]*, 79 AD3d 1514, 1514-1515 [2010]) provides a basis for us to disturb the Board's decision.

Peters, P.J., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.