In the Matter of the Claim of WARREN HICKMAN, Respondent. MAXIMUM LITIGATION SUPPORT SERVICES, LLC, Appellant. COMMISSIONER OF LABOR, Respondent. [974 NYS2d 303]—

Peters, P.J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 9, 2012, which ruled that the employer's request for a hearing was untimely.

By initial determination dated and mailed January 13, 2011, claimant was deemed eligible to receive unemployment insurance benefits based upon a finding that he and others similarly situated were employees of Maximum Litigation Support Services, LLC. By letter dated March 7, 2011, Maximum Litigation requested a hearing challenging that determination. Following a hearing, the Administrative Law Judge found that Maximum Litigation's request for a hearing was untimely and continued in effect the initial determination. The Unemployment Insurance Appeal Board affirmed and these appeals ensued.

The record clearly establishes that Maximum Litigation did not request a hearing within the 30-day time period set forth in Labor Law § 620 (2). Notwithstanding Maximum Litigation's excuse for the belated hearing request, "the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing" *(Matter of White [Lurie—Commissioner of Labor],* 49 AD3d 932, 933 [2008] [internal quotation marks and citation omitted]; *accord Matter of Agarwal [Bilingual Seit & Preschool, Inc.—Commissioner of Labor],* 108 AD3d 807, 808 [2013]). As such, the Board's decisions will not be disturbed. Maximum Litigation's remaining claims, including that the Department of Labor's letter dated March 24, 2011 constituted a new initial determination, have been examined and found to be without merit.

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.