*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                    521522
_____

In the Matter of the Claim of
    JAMIE WHITE,
                        Respondent.

F2 SOLUTIONS, LLC,                          MEMORANDUM AND ORDER
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____


Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.


————————


        Deale Services, LLC, Rockville, Maryland (Jerry A. Miles of
counsel), for appellant.

        Francis J. Smith, Albany, for Jamie White, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Commissioner of Labor,
respondent.


————————


Garry, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed May 13, 2015, which ruled that the request by
F2 Solutions, LLC for a hearing was untimely.

        By initial determination dated June 26, 2014, claimant was
deemed eligible to receive unemployment insurance benefits based
upon a finding that she and others similarly situated were
employees of F2 Solutions, LLC.  F2 was advised that it could

request a hearing in writing within 30 days if it disagreed with the determination. By letter dated September 18, 2014, F2 objected to the determination and, by letter dated November 13, 2014, it requested a hearing. Following a hearing, an Administrative Law Judge found that the request for a hearing was untimely and continued in effect the initial determination. The Unemployment Insurance Appeal Board affirmed and F2 now appeals.

"Pursuant to Labor Law § 620 (2), an employer has 30 days to request a hearing after the mailing or personal delivery of a notice of determination from which it claims to be aggrieved" (Matter of Preyer [Dische–Commissioner of Labor], 121 AD3d 1216, 1216 [2014], appeal dismissed 24 NY3d 1204 [2015], lv denied 25 NY3d 906 [2015]; accord Matter of Tartaglia [Aegis Capital Corp.–Commissioner of Labor], 128 AD3d 1304, 1305 [2015]). Moreover, "the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing" (Matter of White [Lurie–Commissioner of Labor], 49 AD3d 932, 933 [2008] [internal quotation marks and citation omitted]; accord Matter of Agarwal [Bilingual Seit & Preschool, Inc.–Commissioner of Labor], 108 AD3d 807, 808 [2013]). Here, it is undisputed that the determination letter was mailed on June 26, 2014. Even assuming without deciding that F2's September 18, 2014 letter constituted a request for a hearing, the request was still made outside of the 30-day statutory period. As such, the Board's determination that the request for a hearing was untimely will not be disturbed. F2's remaining claims, to the extent that they are properly before us, have been considered and found to be without merit.

Lahtinen, J.P., McCarthy, Rose and Mulvey, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court