*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: September 29, 2016        522070
_____

In the Matter of the Claim of
   BERNICE McKENZIE,
                   Respondent.

STRATEGIC DELIVERY SOLUTIONS
   LLC,                             MEMORANDUM AND ORDER
                   Appellant.

COMMISSIONER OF LABOR,
                   Respondent.
_____

Calendar Date: September 12, 2016

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

_____

     Jasinski, PC, Newark, New Jersey (David F. Jasinski of counsel), for appellant.

     Bruce E. Knoll, Albany, for Bernice McKenzie, respondent.

     Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

_____

Lynch, J.

     Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 29, 2015, which ruled, among other things, that the request by Strategic Delivery Solutions LLC for a hearing was untimely.

     Claimant filed an application for unemployment insurance benefits effective April 22, 2013. Shortly thereafter, the Department of Labor issued a determination finding that claimant

was an employee of Subcontracting Concepts Inc. (hereinafter SCI) and assessed it for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.  In October 2013, however, the Department issued a decision and notice to SCI advising that this determination was withdrawn and the case closed.  The Department issued another determination in January 2014 to Strategic Delivery Solutions LLC (hereinafter SDS), finding that SDS was claimant's employer and assessed it for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated (see generally Matter of Gill [Strategic Delivery Solutions LLC–Commissioner of Labor], 134 AD3d 1362 [2015]).  SCI's counsel promptly notified the Department by letter that the January 2014 determination issued to SDS, its client, had to be withdrawn because "the case was cancelled."  In July 2014, the Department responded that the October 2013 notice of withdrawal applied only to SCI and not to SDS, which it maintained was still claimant's employer.  In August 2014, SCI's counsel sent the Department a letter disputing the clarity of the notice of withdrawal and advising that SDS was requesting a hearing.

In December 2014, the hearing was conducted and the Department objected on the basis that the hearing request was untimely.  The Administrative Law Judge agreed and sustained the assessment against SDS.  The Unemployment Insurance Appeal Board subsequently affirmed the Administrative Law Judge's decisions and SDS now appeals.

We affirm.  "'Pursuant to Labor Law § 620 (2), an employer has 30 days to request a hearing after the mailing or personal delivery of a notice of determination from which it claims to be aggrieved'" (Matter of White [F2 Solutions, LLC–Commissioner of Labor], 138 AD3d 1377, 1378 [2016], quoting Matter of Preyer [Dische–Commissioner of Labor], 121 AD3d 1216, 1216 [2014], appeal dismissed 24 NY3d 1204 [2015], lv denied 25 NY3d 906 [2015]; see Matter of Scott [CR England Inc.–Commissioner of Labor], 133 AD3d 935, 936 [2015]).  Notably, "the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing" (Matter of Rago

[Resource One, Inc.—Commissioner of Labor], 22 AD3d 1002, 1002 [2005]; see Matter of White [JBL Computer Solutions—Commissioner of Labor], 49 AD3d 932, 933 [2008]).

        Here, the determination assessing SDS for additional contributions was issued in January 2014.  The request for a hearing, however, was not sent until August 2014, well after the expiration of the 30-day period.  Significantly, SDS's representative testified that SCI and SDS are separate and distinct entities.  Even accepting that SCI's counsel was representing SDS in requesting the hearing, we find that the notice of withdrawal, which was limited by its terms to the determination against SCI, was neither ambiguous nor contributed to the delay in the hearing request.  Given that the hearing request was made outside the 30-day statutory period (see Labor Law § 620 [2]), it was clearly untimely and we find no reason to disturb the Board's decisions.  In view of our disposition, we need not address the merits of the decisions assessing SDS for additional contributions.

        Egan Jr., J.P., Devine, Clark and Mulvey, JJ., concur.

        ORDERED that the decisions are affirmed, without costs.

                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court