*1199 Mulvey, J.
Appeals from five decisions of the Unemployment Insurance Appeal Board, filed March 27, 2015, which ruled, among other things, that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a courier for Express Delivery LLC and was required to use his own vehicle to complete his duties. After his vehicle was damaged beyond repair in a non-work-related accident, he was unable to continue his employment and he applied for unemployment insurance benefits. The Department of Labor issued an initial determination on July 15, 2014, finding that an employer-employee relationship existed between claimant and Express Delivery, and that Express Delivery was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. The Department issued another determination on July 30, 2014 finding claimant eligible for unemployment insurance benefits. Following a combined hearing on both determinations, the Unemployment Insurance Appeal Board ultimately found that Express Delivery had failed to request a hearing regarding the July 15, 2014 finding of an employer-employee relationship within the time limit allotted pursuant to Labor Law § 620. The Board also found that claimant had good cause to leave his employment and awarded him unemployment insurance benefits. These appeals ensued.
An employer dissatisfied with the initial determination of a claim for unemployment insurance benefits has 30 days after the mailing or personal delivery of notice of the determination to request a hearing (see Labor Law § 620 [2]; Matter of White [F2 Solutions, LLC — Commissioner of Labor], 138 AD3d 1377, 1378 [2016]). The Department mailed its initial determination finding an employment relationship between claimant and Express Delivery on July 15, 2014. The record reflects that Express Delivery did not request a hearing regarding this determination until September 3, 2014. It contends that it did not file a timely request for a hearing because the Department’s subsequent July 30, 2014 determination was confusing and could have been read as denying benefits to claimant, which, according to Express Delivery, would have rendered the issue of conducting a hearing on the July 15, 2014 determination moot. We disagree.
The issue addressed in the July 15, 2014 determination— whether an employment relationship existed and whether Express Delivery is therefore liable for unemployment insurance contributions on remuneration paid to claimant and oth *1200 ers similarly situated. — is an entirely separate issue, and whether claimant is eligible for benefits based upon his particular circumstances is not determinative as to whether Express Delivery is liable for contributions (see generally Matter of Alende [Herald Publ. Co. — Commissioner of Labor], 140 AD3d 1565, 1566 [2016]; Matter of Walker [Parents Info. Group for Exceptional Children — Commissioner of Labor], 271 AD2d 769, 770 [2000]). Accordingly, the July 30, 2014 subsequent determination by the Department finding an entitlement to benefits does not render the July 15, 2014 determination moot. If Express Delivery had any concerns about the interpretation of the contradictory language in the July 30, 2014 determination, it could have sought clarification or appealed that determination, which steps it did not take. Further, and contrary to Express Delivery’s contention, there is no language in the July 30, 2014 determination indicating that it was intended to supercede the prior determination. In view of this disposition, we need not address the challenge to the assessment against Express Delivery for additional unemployment insurance contributions.
As to the Board’s decision regarding claimant’s eligibility to receive benefits and whether he voluntarily left his job without good cause, we reach a different conclusion. Eligibility for unemployment insurance benefits is a factual issue for the Board to resolve, and this Court will not disturb the Board’s determination if supported by substantial evidence (see Matter of Baez [Tuck it Away — Commissioner of Labor], 126 AD3d 1211, 1211 [2015]; Matter of Faison [Commissioner of Labor], 120 AD3d 1480, 1481 [2014]). Here, in finding that claimant was unable to continue his employment due to circumstances beyond his control, the Board credited claimant’s testimony that he was not ticketed for the accident, that he was unable to obtain a loan to purchase another vehicle and that he was willing to work for Express Delivery in a different position that did not require the use of a personal vehicle.
The Board determined that the employment agreement, wherein claimant agreed to provide his own vehicle, was not controlling. On the record before us, we disagree with the Board’s conclusion that claimant left his employment with good cause. Although claimant’s testimony constituted substantial evidence regarding the circumstances surrounding the loss of the use of the vehicle, it was error to find that this constituted substantial evidence that his separation from his employment was for good cause. We note that claimant admitted that he shared responsibility for the accident with the other *1201 driver and that he had entered into a written employment agreement whereby he agreed to provide his own vehicle and keep it in good operational condition. Further, and importantly, he also agreed that if the vehicle became disabled, he would replace it expeditiously. It is well established that “once the terms of employment have been agreed upon, such terms cannot thereafter be invoked as valid grounds for quitting” (Matter of Orlik [Commissioner of Labor], 257 AD2d 837, 837 [1999]; see Matter of Dougal [Commissioner of Labor], 87 AD3d 781, 782 [2011]). Inasmuch as claimant was aware of the terms of his employment and accepted same, we conclude that he could not later invoke his inability to meet the requirements of his employment, regardless of the circumstances or fault surrounding the loss of the use of his vehicle, as good cause for leaving his employment (see e.g. Matter of Moore [New York Press & Graphics, Inc. — Commissioner of Labor], 32 AD3d 1088, 1088 [2006]). Claimant’s inability to obtain a replacement vehicle, cited by the dissent as proof of circumstances beyond claimant’s control, was a risk that claimant accepted when he agreed to the terms of his employment. Accordingly, the Board’s decision finding that claimant had good cause to leave his employment is not supported by substantial evidence.
Egan Jr. and Devine, JJ., concur.