Matter of Dinger (Bend Entertainment, LLC--Commissioner of Labor) (2021 NY Slip Op 02029)





Matter of Dinger (Bend Entertainment, LLC--Commissioner of Labor)


2021 NY Slip Op 02029


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

530814

[*1]In the Matter of the Claim of Evan Dinger, Respondent. The Bend Entertainment, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 5, 2021

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Oxfeld Cohen, PC, Newark, New Jersey (Samuel Wenocur of counsel), for appellant.
David E. Woodin, Catskill, for Evan Dinger, respondent.
Letitia James, Attorney General, New York City (Bessie Bazile of counsel), for Commissioner of Labor, respondent.



Appeal from a decision of the Unemployment Insurance Board, filed July 9, 2019, which ruled that the request by The Bend Entertainment, LLC for a hearing was untimely.
In January 2016, claimant, a production manager, applied for unemployment insurance benefits. In connection with that application, the Department of Labor issued an initial determination, on July 15, 2016, ruling that claimant was an employee of The Bend Entertainment, LLC and assessing it additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Bend Entertainment requested a hearing challenging the determination. Following a hearing, an Administrative Law Judge ruled, among other things, that the request for a hearing was untimely. Upon administrative appeal, the Unemployment Insurance Appeal Board, among other things, affirmed the finding of untimeliness. This appeal ensued.
We note that Bend Entertainment does not raise any issue in its brief challenging the timeliness of its request for a hearing and, as such, any issue with regard thereto is abandoned (see Matter of Denes [Commissioner of Labor], 147 AD3d 1144, 1147 n 3 [2017]), notwithstanding that such issue was belatedly raised for the first time in its reply brief (see Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1440 [2016]; Matter of Harold [Leonard's Transp.-Commissioner of Labor], 133 AD3d 1069, 1071 [2015], lv dismissed 26 NY3d 1136 [2016]). In any event, were we to consider the issue, we would find that the request by Bend Entertainment for a hearing was untimely.
"Pursuant to Labor Law § 620 (2), an employer has 30 days to request a hearing after the mailing or personal delivery of a notice of determination from which it claims to be aggrieved" (Matter of White [F2 Solutions, LLC-Commissioner of Labor], 138 AD3d 1377, 1378 [2016] [internal quotation marks and citations omitted]; see Matter of Brown [Express Delivery LLC-Commissioner of Labor], 146 AD3d 1198, 1199 [2017]). " Notably, the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing" (Matter of McKenzie [Strategic Delivery Solutions LLC-Commissioner of Labor], 142 AD3d 1271, 1272 [2016] [internal quotation marks and citations omitted]).
The owner of Bend Entertainment acknowledged that the initial determination was received in July 2016. Nevertheless, the record establishes that a request by Bend Entertainment for a hearing challenging the initial determination was not received by the Department of Labor until October 20, 2016, which is well beyond the strict statutory 30-day time period (see Labor Law § 620 [2]; 12 NYCRR 461.2). As the record clearly demonstrates that a hearing was not requested within 30 days from the initial determination, we would find no reason to disturb the Board's decision [*2]that the request was untimely (see Matter of McKenzie [Strategic Delivery Solutions-Commissioner of Labor], 142 AD3d at 1273; Matter of Surdam [Commissioner of Labor], 51 AD3d 1182, 1182 [2008]).
To the extent that Bend Entertainment attempts to challenge the merits of the underlying initial determination, we note that such issues are not properly before this Court (see Matter of McCarthy [Commissioner of Labor], 39 AD3d 993, 994 [2007]; Matter of Rago [Resource One, Inc.-Commissioner of Labor], 22 AD3d 1002, 1002 [2005]). The remaining contentions raised by Bend Entertainment for the first time in its reply brief are not properly before this Court (see Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440; Matter of Harold [Leonard's Transp.-Commissioner of Labor], 133 AD3d at 1071).
Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.