Congregation Machne Ravtov Ya v Central Hudson Gas & Elec. Corp. (2021 NY Slip Op 05909)





Congregation Machne Ravtov Ya v Central Hudson Gas & Elec. Corp.


2021 NY Slip Op 05909


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

531847
[*1]Congregation Machne Ravtov Ya, Appellant,
v
Central Hudson Gas & Electric Corporation, Respondent, et al., Defendant.

Calendar Date:September 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Bruce D. Perlmutter, Woodridge, for appellant.
Cooke, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Eric M. Kurtz of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Schick, J.), entered March 13, 2020 in Sullivan County, which granted a motion by defendant Central Hudson Gas & Electric Corporation for summary judgment dismissing the complaint against it.
In 2014, plaintiff sought to install a solar power field at its summer camp in Greenfield Park, Ulster County and connect to an electric grid owned by defendant Central Hudson Gas & Electric Corporation. In furtherance of this goal, plaintiff paid for and obtained a feasibility study, which concluded that plaintiff's solar power field could connect to Central Hudson's grid with certain facility upgrades, including the installation of a direct transfer trip system. Additionally, as contemplated by the report, defendant Verizon [FN1] — the only telecommunications company locally available — would have to install a direct phone line between the solar power field and Central Hudson's substation. However, in the spring of 2017, Verizon informed plaintiff that it was unable to make the necessary phone line connection for the direct transfer trip system. Ultimately, plaintiff and Central Hudson agreed on an alternate option to secure a connection between the solar power field and Central Hudson's substation, which was estimated to cost between $60,000 and $80,000 more than the direct transfer trip system. In May or June 2017, plaintiff made full payment to Central Hudson for the required system upgrades, and Central Hudson began work to connect the solar power field to its grid.[FN2]
Meanwhile, in June 2017, plaintiff commenced this action, asserting eight causes of action and seeking damages arising out of the inability to use the direct transfer trip system. Following joinder of issue and discovery, Central Hudson moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion, concluding that plaintiff's complaint must be dismissed for failure to state a cause of action and that, in any event, an award of summary judgment in favor of Central Hudson was warranted. Plaintiff appeals, solely arguing that issues of fact preclude an award of summary judgment to Central Hudson.
Given that plaintiff does not contest Supreme Court's dismissal of the complaint for failure to state a cause of action, it has abandoned any challenge with respect thereto (see Matter of Dinger [Bend Entertainment, LLC-Commissioner of Labor], 193 AD3d 1132, 1133 [2021]; Matter of Fuller-Astarita v ABA Transp. Holding Co., 176 AD3d 1530, 1531 [2019]; Costa v Callahan, 41 AD3d 1111, 1117 [2007]). Although plaintiff attempts to raise the issue in its reply brief, this Court cannot review an issue raised for the first time in a reply brief (see Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1209 [2020]; Matter of Jay's Distribs., Inc. v Boone, 148 AD3d 1237, 1241 [2017], lv denied 29 NY3d 918 [2017]). Accordingly, as there is no basis upon which to disturb Supreme Court's dismissal of the complaint against [*2]Central Hudson for failure to state a cause of action, we need not reach plaintiff's challenge to Supreme Court's alternative determination that Central Hudson was entitled to summary judgment dismissing the complaint.[FN3] We therefore affirm Supreme Court's order.
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The action against Verizon was discontinued in November 2019, but the caption was never amended in Supreme Court to reflect the discontinuation.

Footnote 2: The solar power field became functional in June 2018.

Footnote 3: In any event, we agree with Supreme Court that plaintiff failed to state a cause of action and, further, that Central Hudson was entitled to summary judgment dismissing the complaint.