Matter of Sanon (Amazon Logistics, Inc.--Commissioner of Labor) (2023 NY Slip Op 00700)

Matter of Sanon (Amazon Logistics, Inc.--Commissioner of Labor)

2023 NY Slip Op 00700

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

532191
[*1]In the Matter of the Claim of Michael Sanon, Respondent. Amazon Logistics, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 13, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ.

Morgan Lewis & Bockius LLP, New York City (Leni D. Battaglia of counsel), for appellant.
Catherine A. Barber, Guilderland, for Michael Sanon, respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.

Ceresia, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 8, 2020, which granted the motion by Amazon Logistics, Inc. to reopen a default judgment and ruled, among other things, that its request for a hearing was untimely.
Claimant, a delivery driver for Amazon Logistics, Inc. (hereinafter ALI), applied for unemployment insurance benefits and, by initial determination dated January 29, 2019, the Department of Labor ruled that he was an employee of ALI and assessed ALI additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. ALI did not submit the requested supplemental earnings reports or request a hearing until May 2, 2019, when it sent a letter objecting to the initial determination. ALI was found to be in default at the hearing scheduled for January 16, 2020 when it was unable to proceed. A hearing was thereafter held to address ALI's application to reopen the case and the timeliness of ALI's request for a hearing related to the initial determination. The Administrative Law Judge (hereinafter ALJ) granted ALI's application to reopen the default judgment, but agreed with the Department's timeliness objections, finding that ALI had not timely requested a hearing to challenge the initial determination. The ALJ sustained the initial determination holding that claimant was an employee of ALI and that ALI was responsible for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed the ALJ's decision. This appeal by ALI ensued.
We affirm. "Pursuant to Labor Law § 620 (2), an employer has 30 days to request a hearing after the mailing or personal delivery of a notice of determination from which it claims to be aggrieved" (Matter of McKenzie [Strategic Delivery Solutions LLC-Commissioner of Labor], 142 AD3d 1271, 1272 [3d Dept 2016] [internal quotation marks and citations omitted]; accord Matter of Dinger [Bend Entertainment, LLC-Commissioner of Labor], 193 AD3d 1132, 1133 [3d Dept 2021]; see 12 NYCRR 461.2). ALI was so advised of its right to appeal and the timeline for doing so in the initial determination. An employer's hearing request will be deemed timely filed if "postmarked within 30 days of the [employer's] receipt of such determination, or if there is other proof of filing of same with the [C]ommissioner [of Labor];" "[a]bsent proof to the contrary, an initial determination of the [C]ommissioner shall be deemed to have been mailed on the date recited on the initial determination and received by a party to whom it is addressed no later than five business days after the date on which it is mailed" (12 NYCRR 461.2). Moreover, "the statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing[*2]" (Matter of Rago [Resource One, Inc.-Commissioner of Labor], 22 AD3d 1002, 1002 [3d Dept 2005]; accord Matter of McKenzie [Strategic Delivery Solutions LLC-Commissioner of Labor], 142 AD3d at 1272).
It is undisputed that the initial determination regarding claimant's employment status was dated and mailed on January 29, 2019 and that ALI did not request a hearing until May 2, 2019, well outside the 30-day statutory period. ALI's New York City-based counsel testified that ALI did not learn of the initial determination until April 9, 2019. It was on that date that ALI received a letter from a Department examiner dated March 13, 2019, inquiring about ALI's failure to respond to the initial determination and attaching a copy of it. However, the record supports the ALJ's finding, adopted by the Board, that ALI failed to offer any first-hand testimony or evidence establishing when ALI first received the initial determination or that ALI did not receive that determination when it was mailed on January 29. To the extent that ALI's counsel testified that the post office box in Seattle, Washington to which the initial determination and all later correspondence were mailed to ALI was not the appropriate address, no evidence was submitted that counsel had directed the Department to send any and all correspondence regarding ALI, including as it related to claimant, to the law firm's New York City address rather than to ALI's post office box, as the Board found. The Board further noted that, when afforded an opportunity at the hearing to present evidence that ALI's counsel had made a blanket request that his law firm was attorney of record for all ALI unemployment matters, rather than just for other claimant drivers, counsel failed to do so.
As such, the determination mailed on January 29, 2019 is deemed to have been received no later than five business days later, i.e., on February 5, 2019, and ALI's request for a hearing was untimely (see 12 NYCRR 461.2). Accordingly, we discern no basis upon which to disturb the Board's determination.[FN1] In light of this conclusion, ALI's remaining claims need not be addressed.
Egan Jr., J.P., Lynch, Clark and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Although the appendix to ALI's appellate brief includes a Board decision filed January 7, 2021 denying ALI's request to reopen and reconsider the Board's September 8, 2020 decision, that 2021 decision is not part of the record on appeal and no notice of appeal was filed as to that decision, which is not properly before us.