Matter of Moskovits (Commissioner of Labor) (2023 NY Slip Op 04805)

Matter of Moskovits (Commissioner of Labor)

2023 NY Slip Op 04805

Decided on September 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 28, 2023

CV-23-0006
[*1]In the Matter of the Claim of Brany Moskovits, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 1, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Brany Moskovits, Spring Valley, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 31, 2022, which ruled that claimant's requests for hearings were untimely.
The Department of Labor issued two initial determinations, the first ruling that claimant was not entitled to receive unemployment insurance benefits, effective March 9, 2020, on the basis that she was unable to file a valid original claim due to insufficient earnings in her base period and, shortly thereafter, the second determination that claimant was ineligible to receive Pandemic Unemployment Assistance benefits. These determinations were mailed by the Department on September 15 and 16, 2020, respectively. On April 21, 2021, another initial determination was mailed to claimant which ruled that she was not entitled to receive unemployment insurance benefits, effective November 30, 2020, as she was unable to file a valid original claim due to insufficient earnings in her base period. Although each of the determinations advised claimant that she had 30 days in which to request a hearing, she did not do so until December 9, 2021.
An Administrative Law Judge, in two decisions,[FN1] sustained the Department's objection that claimant's hearing requests were untimely, which decisions were affirmed by the Unemployment Insurance Appeal Board upon administrative appeal. Claimant appeals.
We affirm. "Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Barone [Commissioner of Labor], 199 AD3d 1112, 1113 [3d Dept 2021] [internal quotation marks and citations omitted]). Claimant did not dispute that the determinations were mailed to her address and that she received them. She did not request any hearing, however, until December 9, 2021, well past the 30-day statutory time frame. Although claimant maintained that she was misinformed when she called the Department about the status of her applications, any confusion or misinformation does not excuse her delay (see Matter of Lewkowitz [Commissioner of Labor], 165 AD3d 1336, 1337 [3d Dept 2018]; Matter of Smith [Commissioner of Labor], 98 AD3d 792, 792-793 [3d Dept 2012]; Matter of Cahill [Rowan Group, Inc.-Commissioner of Labor], 79 AD3d 1514, 1514 [3d Dept 2010]), particularly given that the information regarding the time to request a hearing was set forth on each of the determinations, which claimant admitted during her testimony at the second hearing that she neglected to read. Having alleged no physical or mental condition that prevented her from timely complying with the strict time requirements to request a hearing, the Board's decisions that claimant's hearing requests were untimely will not be disturbed (see Matter of Barone [Commissioner of Labor], 199 AD3d at 1113; Matter of Lewkowitz [[*2]Commissioner of Labor], 165 AD3d at 1337; Matter of Petrick [Commissioner of Labor], 144 AD3d 1280, 1282 [3d Dept 2016]). To the extent claimant challenges the merits of the underlying initial determinations, the merits are not properly before this Court (see Matter of Dinger [Bend Entertainment, LLC-Commissioner of Labor], 193 AD3d 1132, 1134 [3d Dept 2021]; Matter of Adjekum [Commissioner of Labor], 76 AD3d 1159, 1160 [3d Dept 2010]).
Egan Jr., J.P., Pritzker, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: The initial two decisions mailed in September 2020 were combined and addressed by the Administrative Law Judge in a single decision.