Matter of Bernardone (Commissioner of Labor) (2024 NY Slip Op 00830)

Matter of Bernardone (Commissioner of Labor)

2024 NY Slip Op 00830

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-22-1852
[*1]In the Matter of the Claim of Elizabeth Bernardone, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Trivella & Forte, LLP, White Plains (Christopher A. Smith of counsel), for appellant.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Fisher, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 2022, which ruled, among other things, that claimant's request for a hearing was untimely.
By initial determination mailed on August 9, 2021, the Department of Labor notified claimant that she was ineligible to receive unemployment insurance benefits for the period beginning March 23, 2020 and ending July 12, 2020 because she was not totally unemployed. The following day, the Department issued a separate notice of determination finding that claimant made willful misrepresentations in order to receive benefits, charging her with recoverable overpayments and imposing a penalty. Although each determination advised claimant that she had 30 days from the respective mailing dates in which to request a hearing, claimant did not do so until December 23, 2021. At the conclusion of the hearing that followed, an Administrative Law Judge sustained the Department's timeliness objection and concluded, among other things, that claimant was ineligible to receive benefits. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.
We affirm. "Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Macdonald [Commissioner of Labor], 221 AD3d 1166, 1167 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Moskovits [Commissioner of Labor], 219 AD3d 1652, 1653 [3d Dept 2023]; Matter of Delgado [Commissioner of Labor], 171 AD3d 1338, 1338 [3d Dept 2019]). "Absent proof to the contrary, an initial determination of the [C]ommissioner [of Labor] shall be deemed to have been mailed on the date recited on the initial determination and received by [the] party to whom it is addressed no later than five business days after the date on which it is mailed" (12 NYCRR 461.1 [a]; accord Matter of Sanon [Amazon Logistics, Inc.-Commissioner of Labor], 213 AD3d 1040, 1041 [3d Dept 2023]; see Matter of Delgado [Commissioner of Labor], 171 AD3d at 1339). "The statutory time limits are strictly construed" (Matter of Macdonald [Commissioner of Labor], 221 AD3d at 1167 [internal quotation marks and citations omitted]).
The initial determinations were mailed on August 9, 2021 and August 10, 2021. Although claimant testified that she moved in early August 2021 from the address to which the determinations were sent, she initially acknowledged that she received such notices in mid to late August 2021, read the notices and forwarded them to her attorney. To the extent that claimant subsequently testified that she did not recall when she received the subject determinations but that she typically received the mail forwarded to her new address one or two months after it was postmarked, we note that "it was claimant's [*2]responsibility to provide the Department with a change of address" (Matter of Yamamura [Commissioner of Labor], 111 AD3d 1047, 1048 [3d Dept 2013]), which she admittedly failed to do.
Similarly, although claimant contended that she had difficulties finding affordable legal representation during the COVID-19 pandemic, claimant did not demonstrate the existence of any incapacity that would excuse her failure to make a timely hearing request (see Matter of Macdonald [Commissioner of Labor], 221 AD3d at 1167). Inasmuch as claimant made her hearing request well beyond the 30-day period outlined in Labor Law § 620 (1) (a), and having failed to allege the existence of a physical or mental condition that precluded her from complying with the strict time limits set forth therein, the Board's decision finding that claimant's hearing request was untimely will not be disturbed (see Matter of Moskovits [Commissioner of Labor], 219 AD3d at 1654; Matter of Barone [Commissioner of Labor], 199 AD3d 1112, 1113 [3d Dept 2021]; Matter of Yamamura [Commissioner of Labor], 111 AD3d at 1048). In light of this conclusion, the merits of the underlying determinations are not properly before us.
Egan Jr., J.P., Clark, Pritzker and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.