Matter of Tario (Commissioner of Labor) (2025 NY Slip Op 00362)

Matter of Tario (Commissioner of Labor)

2025 NY Slip Op 00362

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-24-0882
[*1]In the Matter of the Claim of Tx Keahi Tario, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 3, 2025

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

TX Keahi Tario, Sherman Oaks, California, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 2023, which denied claimant's application to reopen and reconsider a prior decision.
On April 16, 2021, the Department of Labor issued an initial determination finding that claimant had received a duplicate payment of federal pandemic unemployment compensation for the relevant time period and charged him with recoverable overpayments. On April 25, 2021, claimant requested that the Department waive repayment of the overpayment of benefits (see 15 USC § 9021 [d] [4]). The Department denied that request on July 27, 2022. The following year, on April 25, 2023, claimant requested a hearing to challenge the foregoing determinations. The Department objected on the ground that the hearing request was well outside the 30-day period provided for same (see Labor Law § 620 [1] [a]). Following a hearing as to claimant's request, an Administrative Law Judge sustained the Department's objection, thus continuing in effect the determinations charging claimant with a recoverable overpayment of benefits and denying his request for a waiver thereof. The Unemployment Insurance Appeal Board affirmed and later further denied claimant's application for reopening and reconsideration. Claimant appeals from the Board decision denying his application for reopening and reconsideration.
Claimant does not raise any argument concerning the Board's denial of his application for reopening and reconsideration, nor does he address the timeliness of his hearing request more generally. Any such issues are therefore deemed abandoned (see Matter of Jimeno [Commissioner of Labor], 231 AD3d 1467, 1467-1468 [3d Dept 2024]; Matter of Dinger [Bend Entertainment, LLC-Commissioner of Labor], 193 AD3d 1132, 1133 [3d Dept 2021]).[FN1] Claimant's challenges to the Department's underlying finding of overpayment and its denial of claimant's request to waive same are not properly before us (see Matter of Bernardone [Commissioner of Labor], 224 AD3d 1049, 1051 [3d Dept 2024]; Matter of Moskovits [Commissioner of Labor], 219 AD3d 1652, 1654 [3d Dept 2023]).
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: In any event, the record contains substantial evidence to support the Board's finding that claimant's hearing request was untimely (see Matter of Hooker [Commissioner of Labor], 228 AD3d 1211, 1212-1213 [3d Dept 2024]; Matter of Macdonald [Commissioner of Labor], 221 AD3d 1166, 1167-1168 [3d Dept 2023]).