Matter of Flores (Commissioner of Labor) (2025 NY Slip Op 01688)

Matter of Flores (Commissioner of Labor)

2025 NY Slip Op 01688

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-23-1656
[*1]In the Matter of the Claim of Reynaldo Flores, Appellant. Commissioner of Labor, Respondent.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Reynaldo Flores, Middle Island, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 2023, which denied claimant's application for reopening and reconsideration of a prior decision.
By decision filed November 9, 2022, the Unemployment Insurance Appeal Board, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct, charged him with recoverable overpayments, reduced his right to receive future benefits by eight effective days and imposed a monetary penalty. The record does not indicate that claimant filed a timely appeal from that decision; rather, on December 2, 2022, claimant applied to the Board for reopening and reconsideration of its November 2022 decision. By decision filed February 22, 2023, the Board denied this request. In response, on March 20, 2023, claimant filed a second application — this time seeking reopening and reconsideration of the Board's February 2023 decision denying his December 2022 application to reopen and reconsider the Board's November 2022 decision. By decision filed April 26, 2023, the Board denied claimant's application. Claimant appeals from the Board's April 2023 decision.
An appeal from "[t]he denial of an application for reopening and reconsideration will only bring up for review the merits of the original determination when the application is made within the 30-day period during which that original determination could be appealed" (Matter of Lambrecht [Commissioner of Labor], 102 AD3d 1050, 1051 [3d Dept 2013] [internal quotation marks and citations omitted]; accord Matter of Jimeno [Commissioner of Labor], 231 AD3d 1467, 1468 [3d Dept 2024]). Although claimant indeed filed his December 2022 application for reopening and reconsideration within 30 days of the Board's November 2022 determination, claimant does not appeal from the Board's February 2023 denial of that application. Rather, claimant filed a second application in March 2023 seeking reopening and reconsideration of the Board's February 2023 decision denying his December 2022 application. As claimant has only appealed from the Board's April 2023 decision denying his second application for reopening and reconsideration, the merits of the Board's original determination are not properly before us (see Matter of De Siato [Ross], 74 AD2d 988, 988-989 [3d Dept 1980] ["To allow such review whenever the (B)oard subsequently declines to reconsider a prior decision would forever extend the time for taking an appeal"]; see e.g. Matter of Jimeno [Commissioner of Labor], 231 AD3d at 1468; Matter of Shaw [Commissioner of Labor], 197 AD3d 1451, 1451-1452 [3d Dept 2021]). Contrary to claimant's assertion, the face of the Board's November 2022 decision plainly advised claimant of his right to appeal such decision to this Court within 30 days of the mailing thereof.
To the extent that claimant challenges the denial of his March 2023 application for reopening and reconsideration [*2]in his reply brief, such argument is not properly before us (see Matter of Jimeno [Commissioner of Labor], 231 AD3d at 1468; Congregation Machne Ravtov Ya v Central Hudson Gas & Elec. Corp., 198 AD3d 1237, 1238 [3d Dept 2021]; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1440 [3d Dept 2016]). Were we to conclude otherwise, we would find that the Board did not abuse its discretion in denying claimant's application (see Matter of Aiello [Commissioner of Labor], 227 AD3d 1256, 1257 [3d Dept 2024]; Matter of Shaw [Commissioner of Labor], 197 AD3d at 1451). Accordingly, the Board's decision is affirmed.
Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.