Matter of Highgate Hotels, L.P. (Commissioner of Labor) (2026 NY Slip Op 01831)

Matter of Highgate Hotels, L.P. (Commissioner of Labor)

2026 NY Slip Op 01831

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-24-1933
[*1]In the Matter of the Claim of Highgate Hotels, L.P., Appellant. Commissioner of Labor, Respondent.

Calendar Date:February 11, 2026

Before:Garry, P.J., Aarons, Ceresia, Fisher and Mackey, JJ.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Daniel F. Carrascal of counsel), for appellant.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for respondent.

Mackey, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 29, 2024, which ruled that the employer's request for a hearing was untimely.
Highgate Hotels, L.P., a hotel management company, filed a power of attorney form with the Department of Labor in 2021 that designated TALX UCM Services, Inc./Equifax (hereinafter Equifax) as its representative for all unemployment insurance matters and instructed the Department of Labor to send all mail to Equifax. The designation remained in effect on November 22, 2022, when the Department issued a notice of initial determination, sent to Equifax, which adjusted Highgate's unemployment insurance contribution and found that it owed $639,237.96 in additional contributions for the years 2020, 2021 and 2022 (see Labor Law § 581). The notice advised that the determination would become final unless a hearing was requested in writing within 30 days. Highgate did nothing, resulting in the Department alerting it directly in March 2023 that its unemployment contributions were overdue and then notifying it in July 2023 that a judgment for the arrearages had been enforced via a levy upon funds in one of its bank accounts. Highgate finally requested a hearing to challenge the determination in September 2023. Following a hearing, an Administrative Law Judge overruled Highgate's objections to the determination upon the ground that its hearing request was untimely. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.
We affirm. Pursuant to Labor Law § 620 (2), "[a]ny employer who claims to be aggrieved by the . . . determination of the amount of the employer's contributions . . . may apply to the commissioner for a hearing within [30] days after mailing or personal delivery of notice of such determination." Highgate offered nothing to suggest that Equifax did not receive the notice of determination sent to it in November 2022 and, as such, Highgate's September 2023 request for a hearing was untimely (see 12 NYCRR 461.2; Matter of Sanon [Amazon Logistics, Inc.-Commissioner of Labor], 213 AD3d 1040, 1042 [3d Dept 2023]). "[T]he statutory time period in which to request a hearing is to be strictly construed, and the statute contains no provision permitting an extension of time in which an employer can request a hearing" (Matter of Rago [Resource One, Inc.-Commissioner of Labor], 22 AD3d 1002, 1002 [3d Dept 2005]; accord Matter of White [Lurie-Commissioner of Labor], 49 AD3d 932, 933 [3d Dept 2008]; see Matter of Sanon [Amazon Logistics, Inc.-Commissioner of Labor], 213 AD3d at 1041-1042; Matter of McKenzie [Strategic Delivery Solutions LLC-Commissioner of Labor], 142 AD3d 1271, 1272 [3d Dept 2016]; Matter of Hickman [Maximum Litigation Support Servs., LLC-Commissioner of Labor], 111 AD3d 1000, 1000 [3d Dept 2013]).[FN1] To the extent that the issue is properly before us, we are unpersuaded that this case presents the rare situation where the Department could be equitably estopped from objecting [*2]to the timeliness of Highgate's request for a hearing (see e.g. Matter of B & V Contr. Enters., Inc. [Commissioner of Labor], 148 AD3d 1479, 1481-1482 [3d Dept 2017]). As Highgate's remaining arguments are similarly unavailing as they relate to the timeliness issue, we will not disturb the Board's decision.
Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: With regard to the proffered excuse, the Board correctly observed that Equifax's knowledge of the November 2022 determination would generally be imputed to its principal, Highgate, even if Equifax negligently failed to pass that knowledge along (see e.g. Kirschner v KPMG LLP, 15 NY3d 446, 465-467 [2010]; Center v Hampton Affiliates, 66 NY2d 782, 784-785 [1985]). Although Highgate presented evidence that it was dissatisfied with Equifax's performance and ended their relationship not long after the November 2022 determination was issued, it gave no reason to believe that Equifax was "engaged in a scheme to defraud [Highgate], either for [its] own benefit or that of a third person," so as to fall within the exception to that general rule (Center v Hampton Affiliates, 66 NY2d at 784).